M. Furlong v. Griffin & Fullerton.

———————◆———————

M. FURLONG, Plaintiff in Error, *vs.* GRIFFIN & FULLERTON, Defendants in Error.

The statute declaring that "no Writ of Error shall be issued after the expiration of one year from the time of the rendition of the judgment to which it refers," (*Stat. of Minn., p.* 623, *Sec.* 22,) has reference to the time of making the decision by which the rights of the parties are determined and adjudicated, and not to the time when such judgment is perfected by being entered of record. The year begins to run from the time of such adjudication.

Any party desiring to review a decision by Writ of Error, may compel the successful party to perfect his judgment of record, within a reasonable time after the rendition of the decision, by application to the Court for that purpose.

Notice of an order overruling a demurrer was served October 6th, 1857. Judgment was entered April 2d, 1858. Writ of Error issued March 28th, 1859.

The Defendant in Error moves to dismiss the Writ upon the following grounds :

*First.*—The judgment below was rendered and notice thereof given to the Plaintiff in Error in October 1857. The Writ of Error was not sued out until March, 1859.

*Second.*—A Writ of Error can only be taken within one year "after the time of the rendition of the judgment," &c. *Amend'ts to Rev. Stat.*, *p.* 13, *Sec.* 31.

*Third.*—The *rendition of judgment* is the actual *decision* of the Court, and not the subsequent making up of the record which is but a memorial of that decision. Hence the time within which an appeal or Writ of Error may be taken under the statute, must commence to run, not from the time when the record or roll was made up, but from the time of the actual decision. 11 *Wend. R.* 522 ; 4 *Hill R.* 29 ; 5 *How. Pr. R.* 478 ; 6 *How. Pr.* 127.

The Plaintiff in Error, in opposition to the motion to dismiss the Writ, made the following points :

*First.*—Error will only lie to final judgments. *Rev. Stat.* 1851, *Amend. p.* 13, *Sec.* 22.

*Second.*—The time is limited to one year. *Rev. Stat:* 1851, *Amend. p.* 13, *Sec.* 22.

*Third.*—Our statute is different from New York, wherein it provides that appeals, &c., lie to final judgments, or *the final determination of the subject matter.*

*Fourth.*—The order *overruling* the demurrer is not a final judgment. 13 *How. Pr. Rep.* 193 ; 4 *Abbott Pr Rep.* 90.

*Fifth.*—The Writ of Error lies to final judgments, and the Court of *review* will consider all errors appearing upon the record, and will not be limited to such errors as may have been committed within one year.

H. L. Moss, Counsel for Plaintiff in Error.

BRISBIN & BIGELOW, Counsel for Defendants in Error.

Lucy Case and Warren Case v. Rebecca Young et al.

*By the Court*—FLANDRAU, J.    Motion on the part of the Defendants in Error to dismiss the Writ of Error in this case on the ground that it was not brought within one year after the rendition of the judgment.    The provision of statute on this point is as follows : "Writs of error in civil and criminal cases may issue of course out of the Supreme Court of this Territory in vacation as well as in term, and shall be returnable to the same Court ; but no writ of error shall be issued after the expiration of one year from the time of the rendition of the judgment to which it refers." *Compiled Statutes, New Edition, p.* 623, *Sec.* 22.    The statute has reference to the time of making the decision by which the rights of the parties are determined and adjudged, and not to the time when such judgment is perfected by being entered of record ; and from the time of such adjudication the year within which the writ of error must be sued out begins to run.

We do not see that this view can operate to deprive the defeated party of his right to the writ, as it has been suggested that the successful party may delay the entry of his judgment until after the expiration of the year next ensuing its rendition.    Any party desiring a review of the decision by this process, may compel the successful party to perfect his judgment of record within a reasonable time after its rendition, by application to the Court for the purpose.    The writ not having been issued within the time limited by the statute, it must be dismissed.