Jacob Huffman, Plaintiff in Error, v. Larkin McDaniel, Defendant in Error.

*Error to Jackson.*

1. Error in sustaining a demurrer is waived by pleading over.
2. A lease "from —— day of —— A. D. 1856, for and during, and until the full end and term of eighteen months," would expire as soon as eighteen months from the last day of the year "1856."

Larkin McDaniel, on the 25th day of August, 1858, brought suit in the late District Court, for the county of Jackson, to recover the possession of about two acres of land, upon which is situated a flouring-mill and blacksmith's shop. The premises are a part of the land claim of the plaintiff, and the action is in the nature of an ejectment, and brought under the statute to "Recover the Possession of Real Property."

Huffman, answering, denies the right of the plaintiff to the possession of the premises; and claims a right of possession in himself, under a lease executed to him July 2d, 1856, by the plaintiff and John McDaniel, under their hands and

seals. The lease provides, in substance, that Huffman should take possession of the two acres of land in question, with the saw-mill thereon, and convert such saw-mill into a flouring-mill, and extinguish the claims of Champaign Collier and John L. Badger upon said premises, and hold the same "from ——— day of ——— A. D. 1856, for and during, and until the full end and term of eighteen months." The lease further provides, that "the party of the first part agrees further with the party of the second part, to reimburse the party of the second part all the expenses that he may be to, to extinguish the said title and interest of the said Collier and Badger to said saw-mill, at the expiration of said lease and demise. Now, if the party of the first part fail to comply with the last condition of this said demise, the party of the second part is to retain possession of said mill until the condition is complied with." The answer of the defendant alleges a general compliance by him of his part of the lease; that he has discharged the claims of Collier and Badger to said premises; and that he has not been reimbursed therefor, by reason of which his right of possession continues. The plaintiff demurred to the defendant's answer, and the court sustained the demurrer, and entered final judgment for the plaintiff. Other questions arose in this case, which sufficiently appear in the opinion of the court.

*B. F. Dowell*, for plaintiff in error.

*Reed & Kelly*, for defendant in error.

Per WAIT, C. J. This cause is brought here by writ of error. The errors assigned are:

1st. "The court erred in sustaining the demurrer of the said Larkin McDaniel to the first answer of the said Huffman; that the date in the contract can be supplied at law."

2d. "The complaint of the said Larkin McDaniel is insufficient in law for him to have and maintain this action against the said Jacob Huffman; that the complaint claims

two thousand dollars damages for the detention of the land described in the complaint, without specifying the time the said Huffman detained the land in dispute, or the value of the rent, or the value of the land."

3d. "The court erred in sustaining the second demurrer of the plaintiff to the second answer of defendant."

It is true that the court below sustained the demurrer to the first answer of the defendant, but any error so committed was waived by the interposition of an amended answer. When an answer is demurred to, and the demurrer sustained, if leave is obtained therefor, and an amended answer is filed, all right to insist upon error in the sustaining of such demurrer is waived. A party may demur to a pleading, and he may stand by his demurrer, and if it is well taken this court will give him whatever he was entitled to receive from the court below; but if he answer over, he waives all benefit of his demurrer; he has his election to stand by his demurrer or to answer over, and, having taken his election, he is bound by it. The second matter assigned as error is sufficiently answered by saying that the record, as it comes before us, does not show that any "damages" are adjudged to the plaintiff. Damages were awarded, but they were afterwards remitted, and the judgment, at the time the writ of error was sued out, permitted no damages to the plaintiff.

The third matter assigned as error presents the main question arising in this case: Did the court err in sustaining the second demurrer of the plaintiff? One point in the demurrer was, "It is not alleged in said answer, that the sums therein pretended to have been expended by the defendant in extinguishing the titles of Badger and Collier were so expended within the time limited by the lease. By giving the utmost latitude of construction which can be claimed as the life of a lease," from ———— day of ———— A. D. 1856, for and during, and until the full end and term of eighteen months from the last day of the year "1856." Suit was instituted in August, 1858, and the answer does not show that the sums, or either of the sums therein alleged to have been paid

in extinguishing the titles of Badger and Collier, were so paid within the eighteen months subsequent to the last day of the year 1856, or at any other particular time. Hence, the demurrer was properly sustained, and the judgment of the court below should be and is affirmed.