## GRAY *v.* HOLLAND.

### MARRIED WOMEN—LIABILITY AS SURETY.

While a married woman cannot usually become personally bound for the debts of her husband, she may ordinarily pledge or mortgage her separate property for his debt, and if she does so such property occupies the position of a surety or guarantor, and will be discharged by anything that would discharge a surety or guarantor who was personally liable.

### HUSBAND'S DEBT—PRINCIPAL AND SURETY.

Nor is her character as surety affected by the fact that the debt secured is the debt of her husband.   As surety for his debt she is entitled to all the rights and privileges of that character.

Mere forbearance or delay of the creditor toward the principle will not discharge the surety.

APPEAL from Multnomah.    The facts are stated in the opinion.

*William Strong & Sons, and Bellinger & Gearin,* for appellants.

A married woman, at the time this mortgage was made, was not bound by any covenant in a mortgage. (Code, page 515.)

The property of the wife is not subject to the debts of the husband. (Constitution of Oregon, page 95 of Code.)

Hence, if she binds her separate property as security only, for her husband's debt, and all parties have knowledge of the fact, her liability and the liability of her property ceases when, by either the active or passive act of the creditor, the debt for which she becomes security becomes barred or incapable of enforcement.

This is the reasoning upon which is based the rule, that any extension of time will release a surety—a rule now thoroughly well established. (17 Johns, 384, in Am. Dec., 415, and notes; *Walker* v. *Goldsmith,* 7 Or., 161.)

That Mrs. Holland could show by parol that she was surety only as against all those who had knowledge that such was her relation to the contract.    (See 4 New Hampshire, 22, in 17 Am. Dec., p. 414, and notes.)

*B. Killin,* for respondent.

An action on a sealed contract can be maintained within ten years. (Code, page 106, sec. 3.)    And the same statute applies to suits. (Civil code, secs. 378, 743.)

A suit to foreclose a mortgage may be maintained in this state *even* where there is in it no promise to pay and the statute has run on the note. (*Myer* v. *Beal,* 5 Or., 130, and cases there cited; 31 Am. Rep., 38; 15 N. Y., 505; 14 N. Y., 16; 2 Jones' Mortgages, sec. 1,204; 7 Paige, 469; 2 Woodberry & Minot, 403.)

It may be claimed that Margaret will have no recourse if her lands are now sold to pay the debt, but this is a mistake,

as the cause of action does not accrue to the surety until he has paid the debt. (Brandt on Suretyship, secs. 176, 181; *Dennison* v. *Soper*, 33 Iowa, 183.)

By the Court, LORD, C. J.:

This is a suit to foreclose a mortgage executed to James Morris, in September, 1872, by the defendants, Patrick Holland and Margaret, his wife, upon the separate property of the wife, to secure the note of the husband and wife, of the same date. By an assignment duly made the plaintiff is the owner and holder of the mortgage. As a defense to the foreclosure the defendant, Margaret Holland, answered and contends, substantially, as follows: That the debt for which the note was given, and to secure which the mortgage was executed, was the debt of her husband, and that by the execution of the mortgage upon her separate property she became merely surety for him, and that Morris, and those claiming under him, knew that said promissory note was the sole obligation of Patrick Holland, and that the land described in the motgage was her separate property. The answer of Patrick Holland is to the same effect.

To each of these answers demurrers were sustained, the court deciding that the matter set up did not constitute any defense to the suit.

A decree was entered against Patrick Holland for the amount of the note, and against both defendants, foreclosing the mortgage, and directing the sale of the lands to pay the debt, but rendering no decree against Margaret Holland personally for the money.

There are two questions to which reference is made in the brief of appellants, although little discussed at the argument, which may be disposed of at the outset: First, that it has been decided in this state that premises which are mortgaged can be subjected to the payment of the debt secured by the mortgage after the statute of limitations has run against the note. (*Myer* v. *Beal*, 5 Or., 131.) And, second, that a mar-

ried woman has a right to sell or mortgage her separate property for the payment of her husband's debts. (*Moore* v. *Fuller*, 6 Oregon, 274.)

It is conceded by the demurrer that Mrs. Holland mortgaged her separate property to secure the payment of a note for her husband's individual benefit, and that the plaintiff, and those under whom he claims, had actual knowledge of these facts. But the only result of this was to establish the relation of principal and surety between Patrick Holland, the debtor, and his wife, the mortgagor of her individual property, and charge the plaintiff with notice of her attitude of surety to her husband, so that any act done, or suffered to be done, which would operate to discharge a surety personally liable, the wife might avail herself of to secure the discharge of the mortgage upon her separate property.

Mr. Brandt, in his work on suretyship, says: " While a married woman cannot usually become personally bound for the debts of her husband, she may ordinarily pledge or mortgage her separate property for his debts, and if she does so, such property occupies the position of a surety or guarantor, and will be discharged by anything that would discharge a surety or guarantor who was personally liable." (Brandt on Suretyship and Guaranty, section 22, and authorities cited in note 6.)

In *Spear* v. *Ward*, 20 Cal., 674, Mr. Chief Justice Field said: "And her character as surety is not affected by the fact that the debt secured is the debt of her husband. With respect to such debt she holds her property as absolutely free as though she were a *feme sole*. As surety for the debt of her husband she is entitled to all the rights and privileges of that character."

And in *Banning, et al.*, v. *Wolf and wife*, 3 Minn., 207, the court say: "A married woman may pledge her separate estate to secure the debt of her husband, and become his security, and she is entitled to the same rights and immuties as attach to the relation of principal and surety between

strangers." Indeed, the authorities indicate the principle of law to be well settled, that when such a relationship is established—and it is here conceded—the wife, and those claiming under her, are entitled to all the beneficial rights and privileges, legal and equitable, incident to that relation, as much so as any other surety whatever. (See, also, *Agnew* v. *Merrill*, 10 Minn., 310; *The Bank of Albion* v. *Burns, et al.*, 46 N. Y., 207; Story's Eq. Jur., sec. 1,373; *Wilcox* v. *Todd*, 64 Mo., 388; *Gahn* v. *Minconrutz*, 11 Wend. R., 312.)

Mrs. Holland, then, upon the facts alleged by way of defense, simply occupied the position of a surety, and as such may avail herself of any right or remedy incident to that relation for a defense. But facts which merely allege such relationship are not sufficient alone to constitute a defense, unless accompanied by such other facts and circumstances as would operate to discharge a surety; as, for instance, that the creditor and principal debtor made a valid agreement for the extension of time for the payment of the debt without the consent of the surety. But no fact or circumstance of this character, or of any other, is alleged. The defense stops short off with the bare statement of facts which establish the relationship of principal and surety, without the addition of any other facts whatever, much less such facts as would operate to destroy that relation and discharge the surety. It is not pretended, nor alleged, that there is any fraud or misrepresentation, or any illegality in the principal contract, and it is conceded that mere forbearance, or delay of the creditor toward the principal, will not discharge the surety. The facts alleged were clearly insufficient to constitute a defense, and the court below committed no error in sustaining the demurrer.

Decree affirmed.