## THE BALL ELECTRIC LIGHT COMPANY *vs.* LINUS M. CHILD.

First Judicial District, Hartford, January Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The individual liability imposed by § 3951 of the General Statutes, as amended by Chap. 140 of the Public Acts of 1893, upon the stockholders in certain specified corporations, for the company's debts, is that of a guarantor.

It is immaterial that the debt was incurred by the corporation before the defendant became a stockholder therein.

This statutory liability rests upon the stockholder of record, irrespective of the fact that he held the stock as collateral security.

A guarantor when sued on his contract cannot set off a debt due him from his principal.

[Argued January 5th—decided February 23d, 1897.]

ACTION against a stockholder of an electric light company to recover the amount of an unsatisfied judgment against

the company, brought to the Superior Court in Windham County and tried to the court, *Robinson, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors in the rulings of the court.    *No error.*

The case is sufficiently stated in the opinion.

*Lewis E. Stanton,* for the appellant (defendant).

A new stockholder of a corporation is not liable for its old debts, under the Stockholders' Liability Acts of this State. *Middletown Bank* v. *Magill,* 5 Conn. 28 ; *Moss* v. *Oakley,* 2 Hill, 270 ; *Windham Prov. Inst.* v. *Sprague,* 43 Vt. 509 ; *Southmayd* v. *Russ,* 3 Conn. 56.    It was the intent of the legislature to place the stockholders upon the same footing as if they had not been incorporated.    *Allen* v. *Sewall,* 2 Wend. 327; *Deming* v. *Bull,* 10 Conn. 414; *Chesley* v. *Pierce,* 32 N. H. 388 ; *Williams* v. *Hanna,* 40 Ind. 535; *Norris* v. *Renshaw,* 34 Md. 492 ; *Matthews* v. *Albert,* 24 id. 535 ; *Weber* v. *Fickey,* 47 id. 196 ; *Larrabee* v. *Baldwin,* 35 Cal. 155 ; *Wheeler* v. *Faurot,* 37 Ohio St. 26 ; *Brown* v. *Hitchcock,* 36 id. 667. The defendant was entitled to the benefit of an equitable set-off.    *Briggs* v. *Penniman,* 8 Cowen, 392, 393 ; *Mathez* v. *Neidig,* 72 N. Y. 103 ; *Oswald* v. *Minneapolis Times Co.,* 66 N. W. Rep. 15 ; *Garrison* v. *Howe,* 17 N. Y. 458, 463 ; *Wheeler* v. *Millar,* 90 id. 353.    The courts of New York have declared that this equitable set-off is just, for the reason that the judgment creditor has not taken any steps to obtain a ratable settlement of the affairs of the company.    On the contrary, he has selected a particular stockholder and has chosen to sue him.    The stockholder is thus placed in such a posture that he can have no manner of benefit from the debt which is due him, unless through the equity which the court will extend to him by way of set-off.    1 Cook on Stock and Stockholders, § 225 ; *Boyd* v. *Hall,* 56 Ga. 565 ; *Christensen* v. *Colby,* 43 Hun, 362.    A mere creditor, who has taken a transfer of it as collateral, is not the owner, or subject to stockholder's liability.    The shareholder is one who shares profits and losses, but the holder of mere collateral is not such a person.    *Beal* v. *Essex Savings Bank,* 67 Fed. Rep. 316.

*Charles E. Searls*, for the appellee (plaintiff).

Under our statute a stockholder is liable for all debts, whether contracted or not while he is a stockholder, provided they are " due " during his period of ownership. *Middletown Bank* v. *Magill*, 5 Conn. 28. The cases of *Deming* v. *Bull*, 10 id. 409 and *Paine* v. *Stuart*, 33 id. 516, in no way controvert the position of the plaintiff in this case. Moraw. on Corp., §§ 320, 614. The result of the so-called " equitable set-off " would be far from equitable. The creditor contracts with the corporation, relying upon this statutory liability. If a stockholder can free himself from responsibility by setting off an indebtedness from the company to himself, he in effect collects in full from the insolvent corporation, and the honest outside creditor is deprived of the security upon which he relied and had a right to rely, when the debt was contracted. The defendant was clearly chargeable as a stockholder, notwithstanding he held the stock as collateral security. *Moore* v. *Jones*, 3 Wood, 53; 1 Cook on Stockholders, § 247; Moraw. on Corp., § 601; *Davis* v. *Essex Baptist Soc.*, 44 Conn. 583.

ANDREWS, C. J. This action is brought on § 3951* of the General Statutes as amended by Chap. 140 of the Public

---

* Section 3951 of the General Statutes reads as follows:

"The stockholders of every telegraph, telephone, or electric light or power company, organized under the laws of this State, shall be jointly and severally liable for the payment of all its debts contracted or due during the time of their holding stock therein, to the extent of twenty-five per cent. of the amount of stock held by them respectively, if a judgment theron shall have been obtained by the claimant against the company, and an execution thereon shall have been returned unsatisfied, or if such company shall be dissolved."

Chap. 140 of the Public Acts of 1893, provides:

"Section 3951 of the General Statutes is hereby amended to read as follows: The stockholders of every telegraph, telephone, or electric light or power company, organized under the laws of this State, shall be jointly and severally liable for the payment of all debts contracted or due during the time of their holding stock therein, to the extent of twenty-five per centum of the amount of stock held by them respectively, if a judgment thereon shall have been obtained by the claimant against the company, and an execution thereon shall have been returned unsatisfied, and suit shall have been brought against any such stockholder or stockholders, while they respectively continue to hold any of said stock, or within two years thereafter."

Acts of 1893, against the defendant who is a stockholder in the Killingly Electric Light Company. That corporation was organized under the laws of this State for the purpose, among other things, of manufacturing and selling electricity for light and power in the town of Killingly. The complaint alleges that the Killingly Company was indebted to the plaintiff; that a suit had been brought by the plaintiff against the said company, a judgment recovered, and execution issued thereon, which had been returned unsatisfied.

The section of the statute referred to above makes the stockholders in the classes of corporations therein named, of which the said Killingly Company is one, liable to the creditors of the corporation as guarantors. They are to be liable for the debts of the corporation, to the extent of twenty-five per cent of the amount of stock held by them, but only after every effort to collect the debt from the corporation has proved unavailing. " A guaranty is a collateral undertaking to pay a debt or perform a duty, in case of the failure of another person, who is in the first instance liable to such payment or performance." 9 Amer. & Eng. Ency. of Law, 67; DeColyer on Guaranties, 1; Anderson's Law Dict.; *Redfield* v. *Haight*, 27 Conn. 31, 37. " The creditor does not give credit to the stockholders, as such. They may be hourly changing. They, in no sense of the word, are debtors. Like the inhabitants of towns, they may be compelled to pay, while they remain members, not as debtors, but as guarantees. The corporation is the real *debtor;* and the members, while such, its surety." *Middletown Bank* v. *Magill*, 5 Conn. 28, 70; *Deming* v. *Bull*, 10 id. 409; *Paine* v. *Stewart*, 33 id. 516.

A general law declaring that the stockholders of a corporation shall be individually liable to its creditors, is a legislative enactment that any person who shall become a stockholder in the corporation, or, in other words, enter into the contract of membership, shall at the same time assume an individual liability to the creditors of the company. The function of the legislature in creating this liability, is to declare the legal effect of the voluntary acts of the parties, and to enable them to carry out their purposes in a manner which

would not have been authorized at common law. When a person becomes a shareholder in a corporation, he agrees with all the other shareholders to enter with them, upon the terms provided by the general law or the company's charter; he also undertakes to become liable to any person who shall give credit to the corporation, to the extent of the shares which he owns. 2 Morawetz on Corporations, § 870.

The defendant urges three grounds why judgment against him is erroneous: (1) that he was not a shareholder in the Killingly Electric Light Company; (2) that the debt which the Killingly Company owed the plaintiff was incurred before he became a stockholder; and (3) that he was denied a set-off of a debt which he says the Killingly Company owed him.

The statute evidently intends to make the obligation of guaranty attend the shares of stock at all times until the debts are paid, into whosesoever hands the shares may come. The owner of the stock is made at all times a guarantor, to the extent named in the statute, of all the debts of the corporation contracted by or due from it, so long as he remains a stockholder and until the corporation is dissolved; or, as the statute has been since 1893, for two years after he ceases to be a stockholder. And of course it must be the stockholder of record. The defendant was the stockholder of record; and the fact that he held the stock as collateral would not, as between himself and the person of whom he took it, remove the statutory liability.

A guarantor when sued on his contract cannot set off a debt owed to him by his principal. To allow that might deprive the party guarantied of the whole value of the guaranty.

There is no error.

In this opinion the other judges concurred.