Argued June 1, affirmed July 12, 1921.

# SCANDINAVIAN-AMERICAN BANK *v.* WENTWORTH LUMBER CO. ET AL.

### (199 Pac. 624.)

**Principal and Surety—May be Sued Together.**

1. A principal and his sureties may be sued together.

**Pleading — Motion to Strike and Demurrer Waived by Pleading Over.**

2. Motion to strike out part of the complaint and demurrer to the complaint, both on the ground of improper joining of causes of action, are waived by pleading over to the merits, after the overruling thereof.

**Appeal and Error—Proof Assumed to Support Findings.**

3. In the absence of bill of exceptions, it will be assumed that the proof amply supports the findings of fact.

**Corporations—Bound by Note Given by Promoters and Ratified After Incorporation.**

4. A corporation is bound by a note made on its behalf by its promoters or agents before its incorporation for a loan; it after organization, with full knowledge, accepting and retaining the benefits thereof.

**Corporations—Pleading Execution of Note by Corporation Allows Proof of Its Ratification of Execution by Promoter Before Incorporation.**

5. Under a complaint alleging execution by defendant corporation of the note sued on, it may be shown that, though executed on its behalf before its incorporation by its promoter, it ratified it after incorporation.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.

This is an action to recover the sum of $7,500, loaned by plaintiff, and evidenced by certain promissory notes. The parties waived a jury, and the cause was tried by the court. From a judgment in favor of plaintiff, defendants appeal, assigning errors.

4. Liability of corporation to third persons on contracts of its promoters, see notes in 8 **Ann. Cas.** 262; **Ann. Cas.** 1916C, 105.

The following facts are, in substance, averred in the complaint. During the period of the transaction involved plaintiff was a banking corporation organized under the laws of the State of Oregon. On November 24, 1917, plaintiff duly changed its name from Scandinavian-American Savings Bank of Astoria, Oregon, to its present name of Scandinavian-American Bank of Astoria, Oregon. The defendant, Wentworth Lumber Company, was a corporation duly organized and existing under and by virtue of the laws of the State of Oregon, engaged in the general lumber business near Linnton, Multnomah County, Oregon, with power to borrow money. On August 29, 1917, defendants, John R. Westervelt, John F. Worcester, Fred. W. Skiff and Harland Wentworth, each duly executed their respective promissory notes, each note being for the sum of $3,750 with interest at 8 per cent per annum, and for reasonable attorneys' fees, in favor of the Scandinavian-American Savings Bank. Copies of the notes are set forth in the complaint. It is then averred thus:

"And then and there delivered the same to one certain C. H. Leadbetter, who was then the president and general manager of defendant, Wentworth Lumber Company, a corporation, for the purpose of making delivery thereof to said Scandinavian-American Savings Bank of Astoria, Oregon, in the event a loan of $7,500 was secured by defendant, Wentworth Lumber Company, a corporation from said Scandinavian-American Savings Bank of Astoria, Oregon, a corporation.

"That heretofore, to wit, on the thirtieth day of August, 1917, said Scandinavian-American Savings Bank of Astoria, Clatsop County, Oregon, loaned to defendant, Wentworth Lumber Company, a corporation, and said defendant, Wentworth Lumber Company, a corporation, borrowed and received of said Scandinavian-American Savings Bank of Astoria,

Oregon, a corporation, the sum of $7,500 in gold coin of the United States of America, and that thereupon, defendant, Wentworth Lumber Company, a corporation, in consideration of said loan made, executed and delivered to the said Scandinavian-American Savings Bank of Astoria, Oregon, its certain promissory note, bearing date the day and year aforesaid, wherein and whereby it promised to pay on demand to the said Scandinavian-American Savings Bank of Astoria, Oregon, the said sum of $7,500, with interest thereon at the rate of 7 per cent per annum, from said thirtieth day of August, 1917, until paid.''

The complaint sets forth a copy of the promissory note, referring to the four notes mentioned as security with authority to sell the same. It is further averred:

''That at the time of the making, execution and delivery of the aforesaid promissory note of $7,500, dated August 30, 1917, made and executed by defendant, Wentworth Lumber Company, a corporation, and as a part of the same transaction and as the consideration and inducement upon which and for which the said Scandinavian-American Savings Bank of Astoria, Oregon, made the said loan, and in consideration of said loan, so made to defendant, Wentworth Lumber Company, a corporation, the defendants, John R. Westervelt, John F. Worcester, Fred W. Skiff and Harland Wentworth, delivered and caused to be delivered to said Scandinavian-American Savings Bank, by and through their said duly authorized agent, C. H. Leadbetter, as collateral security for the payment of said note of $7,500 of defendant, Wentworth Lumber Company, a corporation, their said four promissory notes for the sum of $3,750 each, more particularly set forth and described in paragraph three of this complaint, to which reference is hereby made a part hereof.

''That, thereafter, defendant, Wentworth Lumber Company, a corporation, duly paid the interest on said promissory note of $7,500 up to and including the thirtieth day of December, 1918, but no more, and that

there now remains due, owing, payable and unpaid, upon said promissory note, of defendant, Wentworth Lumber Company, a corporation, the total principal of $7,500, together with interest thereon since the thirtieth day of December, 1918, at the rate of 7 per cent per annum."

Plaintiff is now the owner of the five notes. Each of the notes provides for the payment of reasonable attorneys' fees in case of action to collect the same.

Defendants moved to strike out a portion of the complaint for the reason that there were several causes of action embraced therein, and said causes of action were not separately stated. Upon the motion being overruled defendants demurred to the complaint for the reasons: "(1) That several causes of action have been improperly united. (2) That the complaint does not state facts sufficient to constitute a cause of action. (3) That plaintiff has no legal capacity to sue." The court overruled the demurrer, whereupon defendants filed an answer consisting of a general denial of the allegations of the complaint.

AFFIRMED.

For appellant there was a brief over the name of *Mr. W. E. Richardson,* with an oral argument by *Mr. S. T. Richardson.*

For respondent there was a brief over the names of *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

BEAN, J.—1, 2. The defendants assign the overruling of the motion to strike, and the demurrer as errors. These assignments involve similar questions. Tersely stated, according to the allegation of the complaint, the plaintiff loaned the defendant, Wentworth

Lumber Company, $7,500, and this defendant and the other defendants by their promissory notes agreed to pay the same. The action is to recover the sum loaned with interest and attorneys' fees. We incline to the belief that there is only one cause of action stated in the complaint, and that the same was not vulnerable to either the motion or demurrer. It is laid down as the law that where a party executes his note to another for the purpose of having such other person deposit or discount it at a bank to raise money on his own note, the party executing the collateral note is a surety. There are authorities, however, holding to the contrary: 21 R. C. L., p. 949, § 5; *Gray* v. *Holland,* 9 Or. 512; *O'Connor* v. *Morse,* 112 Cal. 31 (53 Am. St. Rep. 155, 44 Pac. 305). A principal and his sureties may be sued together: *Bowen* v. *Clark,* 25 Or. 592 (37 Pac. 74); Or. L., § 37. However this may be the defendants by pleading over to the merits waived the motion and demurrer: *Crane* v. *School Dist. No. 14,* 95 Or. 644 (188 Pac. 712); *Huffman* v. *McDaniel,* 1 Or. 259; *Wells* v. *Applegate,* 12 Or. 208 (6 Pac. 770); *Olds* v. *Cary,* 13 Or. 362 (10 Pac. 786).

The trial court found, among other things:

"That ever since the twenty-seventh day of September, 1917, defendant, Wentworth Lumber Company, was and now is a corporation duly organized and existing under and by virtue of the laws of the State of Oregon, with corporate powers to engage in the general lumber business, including the operating of sawmills, and the power of borrowing money, but that at the time of the execution of the $7,500 note, as hereinafter mentioned, defendant, Wentworth Lumber Company, had not been incorporated. That as soon as the defendant, Wentworth Lumber Company, was organized the said C. H. Leadbetter was elected its president and manager.

"That heretofore, to wit, on the twenty-ninth day of August, 1917, defendants, John R. Westervelt, John

F. Worcester, Fred W. Skiff and Harland Went-
worth, for the consideration hereinafter mentioned,
duly made and executed their respective promissory
notes, for the sum of $3,750 each.    [Setting out the
notes.]

"And then and there delivered the same to one cer-
tain C. H. Leadbetter, who then held himself out to
plaintiff to be the president and general manager of
defendant, Wentworth Lumber Company, a corpora-
tion, for the purpose of making delivery to said
Scandinavian-American Savings Bank of Astoria,
Oregon, in the event a loan of $7,500 was secured
from said Scandinavian-American Savings Bank of
Astoria, Oregon, a corporation, to the defendant,
Wentworth Lumber Company.

"That heretofore, to wit, on the thirtieth day of
August, 1917, said Scandinavian-American Savings
Bank of Astoria, Oregon, believing that at that time
said Wentworth Lumber Company was a corporation,
loaned to said pretended Wentworth Lumber Com-
pany the sum of $7,500 gold coin of the United States
of America, by placing said sum of money to the
credit of the Wentworth Lumber Company, and that
subsequently thereto, said money was withdrawn by
checks by said Wentworth Lumber Company.    That
at the time said loan was made, said C. H. Leadbetter,
professing and pretending to act as the president and
general manager of said Wentworth Lumber Com-
pany, a corporation, made, executed and delivered to
said Scandinavian-American Savings Bank of Astoria,
Oregon, in consideration of said loan a certain prom-
issory note bearing date of the thirtieth day of Au-
gust, 1917, in words and figures as follows, to wit."

The court further found that the Wentworth Lum-
ber Company paid the interest on the $7,500 note to
December 30, 1918.

The trial court concluded that while the Wentworth
Lumber Company was not incorporated until after
the execution of the note, by availing itself of the
proceeds thereof and paying the interest thereon the

corporation adopted and ratified the promissory note, and is estopped from asserting that the note is not binding upon it. This holding is assigned as error for the reason that no issue of such ratification is made by the pleading. Defendants further urge that the sureties cannot be held upon a note void as to the principal. Plaintiff contends that it is not necessary to plead such ratification.

3, 4. There is no bill of exceptions contained in the record. Therefore it will be assumed that the proof amply supports the findings of fact. Such findings must be based upon proper issues or pleadings. The plaintiff having alleged that the corporation executed the promissory note, the question is whether it was necessary for the further averment that the Wentworth Lumber Company adopted and ratified the transaction.

A corporation is bound by a contract made on its behalf by its promoters or agents before its incorporation, if after it is organized, and with full knowledge of all the facts, it assumes the contract and agrees to pay the consideration, or accepts and retains the benefits of the contract, provided the contract is one which the corporation itself might have made in the first instance: 10 Cyc. 262, 263; *Schreyer* v. *Turner Flouring Co.*, 29 Or. 1 (43 Pac. 719).

5. The rule as to pleading is stated by Mr. Justice BURNETT, in the case of *Masters* v. *Walker*, 89 Or. 526, at page 529 (174 Pac. 1164), thus:

"It is good pleading to allege that an act was done by the defendant, and it is competent to prove that averment by showing that the act was really done by an agent of the defendant thereunto duly authorized, or that it was afterward ratified by the defendant": Citing *Kitchen* v. *Holmes*, 42 Or. 252 (70 Pac. 830); *Levy* v. *Nevada, C. & O. Ry.*, 81 Or. 673 (160 Pac. 808, L. R. A. 1917B, 564); and other authorities.

See, also, *Mahon* v. *Rankin*, 54 Or. 328 (102 Pac. 608, 103 Pac. 53); 16 Ency. Pl. & Pr. 904.

The question thus raised is foreclosed by the opinions rendered by this court which are authority for the finding that the note of the Wentworth Lumber Company is a valid binding note against that corporation, and that the sureties agreeing to pay the same were also bound.

Finding no error in the record, the judgment of the lower court is affirmed.    AFFIRMED.

BURNETT, C. J., and JOHNS and BROWN, JJ., concur.