Argued December 8, 1966, affirmed April 26, 1967

LADD ESTATE COMPANY, *Respondent, v.*
WHEATLEY ᴇᴛ ᴀʟ, *Defendants,*
and
WESTOVER TOWER, INC., *Appellant.*
426 P. 2d 878

*Denton G. Burdick, Jr.,* Portland, argued the cause for appellant. On the briefs were Hutchinson, Schwab & Burdick.

*James C. Maletis,* Portland, argued the cause for respondent. On the brief were Cookingham and Maletis.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman* and Lusk, Justices.

LUSK, J.

This is an action to recover upon the promissory note of the defendant Edmond F. Wheatley and the guaranty agreement executed by the defendant Westover Tower, Inc., involved in the companion case, *Goodman et ux v. Ladd Estate Company et al,* 246 Or 621, 427 P2d 102, this day decided. In a trial before the court without a jury judgments were entered against Wheatley and Westover for the amount owing on the promissory note, attorneys' fees, and costs. Westover alone has appealed.

In the other case we held that there were no grounds for equitable relief against enforcement of the guaranty agreement. Here Westover advances two contentions: That the guaranty agreement is not merely ultra vires, but is illegal, and that the directors of Westover, Walter T. Liles and Samuel H. Martin, who executed the agreement, lacked authority to do so. The questions were raised by appropriate objections to the findings of fact.

■ Other defenses were pleaded affirmatively by Westover and demurrers to the affirmative answers were sustained by the court. The ruling is assigned as

---

* Did not participate in this decision.

error, but is not before us, as the objection was waived by Westover when it filed its amended answer, which consisted only of denials: *Natwick v. Moyer,* 177 Or 486, 497, 163 P2d 936; *Scandinavian-American Bk. v. Lumber Co.,* 101 Or 151, 155, 199 P 624; *Condon Nat. Bank v. Rogers,* 60 Or 189, 191, 118 P 846, Ann Cas 1914A 101.

The claim that the giving of the guaranty was an illegal act is based upon ORS 57.226, which reads: "No loans shall be made by a corporation to its officers or directors, and no loans shall be made by a corporation secured by its shares." The court found that Wheatley was a director at the time the guaranty was given. If the transaction was illegal it would not be governed by ORS 57.040, because that statute relates only to acts of a corporation which are beyond its capacity or power. See 7 Fletcher, Cyc. of Corporations (perm ed, 1964 rev) 752, § 3607; 1 Model Business Corporation Act, Annotated, 204. An act of a corporation in contravention of a statute specifically prohibiting it is illegal and unenforceable: *State Sav. and Loan Ass'n v. Bryant,* 159 Or 601, 635, 81 P2d 116. We think, however, that the transaction, though admittedly ultra vires, is not denounced by ORS 57.226. That statute prohibits the making of "loans" by a corporation to its officers or directors. Concededly, the guaranty in question was not a loan. Counsel for Westover characterize it in their brief as "an executory agreement to make a loan to an officer and director." It was not even that, for it was only a conditional agreement.

> "The guarantee of a loan is not a loan. To guarantee a loan is to undertake to pay a debt or perform a duty, in case of the failure of another person primarily liable for such payment or perform-

ance. Ball Electric Light Co. v. Child, 68 Conn. 522, 525, 37 Atl. 391. The making of a loan creates an absolute obligation: the guaranteeing a loan a conditional obligation. * * *" *The State v. O'Brien,* 93 Conn 643, 647, 107 A 520.

■ If Wheatley were still a director of the corporation, we might have a different question, but at the time the guaranty was given it did not fall within the prohibition of the statute, and since Wheatley, as the parties appear to agree, is no longer a director, enforcement of the obligation now would not result in a violation of the statute. *In re Stucky Trucking & Rigging Co.,* 243 F 287 (D NJ), cited by Westover, is not in point. The case involved a statute of New Jersey similar to ORS 57.226. In partial payment of the purchase price of stock of a corporation sold by one stockholder to another, who was also an officer, the corporation gave its promissory notes to the seller. The obligation to pay arose immediately and unconditionally and the transaction was in substance and effect a loan by the corporation to the purchaser, a prohibited transaction.

It is urged, however, that under its articles of incorporation Westover could not enter into the guaranty agreement without the approval of the holder of preferred stock, the Federal Housing Commissioner. The articles of incorporation are not in evidence. Certain of their provisions were pleaded in the other case and in the affirmative answers in the instant case to which a demurrer was sustained. As we have held, the affirmative answers are not before us, but if they were we would have no difficulty in holding the particular provision relied on to be inapplicable. That provision reads:

"The corporation shall not without the prior approval of the holders of a majority of the shares

of preferred stock, given either in writing or by vote at a meeting of the preferred stockholders called for that purpose (a) assign, transfer, dispose of or encumber any real or personal property, excluding rents, except as specifically permitted by the terms of the mortgage,  *  *  *."

The mortgage referred to is one executed by Westover and guaranteed by the Federal Housing Authority. Since it is not in evidence, we are not advised of what exceptions it may contain. But that apart, we think that neither the execution of a guaranty agreement nor the payment of the obligation created by it comes within the quoted language.

■ Upon the question whether the directors who executed the guaranty agreement exceeded their authority, it appears that the defendant Liles owned all the common stock of Westover, the Federal Housing Commissioner owned 100 shares of preferred stock of the par value of $1 per share, and the voting rights of the shareholders were vested exclusively in the holders of the common stock. Liles and Martin executed the guaranty agreement and Wheatley, the other director, got the benefit of it. The action of the directors is not attacked (and assuredly could not be) because there was no formal meeting of the board of directors. As we saw in the companion case, under ORS 57.040 an ultra vires act is no longer invalid, though it may be enjoined under certain circumstances at the suit of a stockholder. If, however, the contention of the defendant should be approved it would have the effect of nullifying the statute by creating a presumption that because an act is ultra vires—at least, as counsel say in their brief, "in an exaggerated case such as this"— the corporate officers and directors were without au-

thority to perform it. Counsel for defendant have cited no judicial or other recognized authority for their position and we think it cannot be sustained.

We find no error and the judgment is affirmed.