Argued and submitted April 2, affirmed July 8, 1982

FIELD,
*Appellant,*
*v.*
HAUPERT,
*Respondent.*

(80-1408-J-1, CA A22085)

647 P2d 952

Douglas P. Cushing, Medford, argued the cause for appellant. With him on the briefs was Cushing, Haberlach, Hanson & Black, Medford.

Robert E. Krambs, Eugene, argued the brief and argued the cause for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This case involves an action against defendant as guarantor on a promissory note payable to plaintiff. The trial court ruled that one of defendant's affirmative defenses constituted a complete defense to plaintiff's claim and entered judgment in favor of defendant. Plaintiff appeals.

Plaintiff was the president of Continental Trans-Com, an Oregon corporation. He was terminated at a special meeting of the Board of Directors of Continental Trans-Com in December, 1976. Following the termination, an agreement between plaintiff and the company for the transfer of plaintiff's shares of stock and debentures was executed. The agreement provided that plaintiff would be paid $25,000 in cash and receive a $25,000 promissory note personally guaranteed by defendant, one of the stockholders and directors of the corporation. Plaintiff's 480,000 shares of stock and his convertible debentures were returned to the corporate treasury, and the debentures were cancelled. Plaintiff was paid $25,000 in cash pursuant to the agreement. Following a default in payments on the promissory note, plaintiff instituted this action for the balance due of $21,000 plus interest.

As an affirmative defense, defendant alleged that the transfer agreement represented a reacquisition by Continental Trans-Com of its own shares and, at the time of the agreement, Continental Trans-Com had no unrestricted or unreserved earned surplus or capital surplus, which rendered the purchase contrary to ORS 57.035.[1] Plaintiff moved to strike this affirmative defense. Following testimony concerning Continental Trans-Com's financial situation at the time of the agreement and testimony by plaintiff, the trial court held that ORS 57.035 constituted a complete defense.

On appeal, plaintiff concedes that Continental Trans-Com was insolvent at the time of the agreement. *See* ORS 57.004(8). Plaintiff also concedes that, if the purchase

---

[1] Defendant also alleged that he guaranteed the note on the basis of plaintiff's representations that Continental Trans-Com was in good financial position, when in fact it was on the verge of bankruptcy.

of stock by Continental Trans-Com was illegal, defendant, as guarantor on the promissory note, could assert the illegality as a defense to enforcement of the note. *See Eustis v. Park-O-Lator Corp.,* 249 Or 194, 201, 435 P2d 802, 437 P2d 734 (1968). Plaintiff contends, however, that the purchase agreement was an *ultra vires* act of the corporation, not an illegal act, and that the defense of *ultra vires* does not apply to defendant.

The *"ultra vires"* doctrine relates to acts of a corporation which are beyond its capacity or power. *See* ORS 57.040; *Ladd Estate Co. v. Wheatley,* 246 Or 627, 629, 426 P2d 878 (1967). Under ORS 57.035(5), a corporation is prohibited from purchasing its own shares while it is insolvent:

> "No purchase of or payment for its own shares shall be made at a time when the corporation is insolvent or when such purchase or payment would make it insolvent."

Plaintiff argues that this prohibition merely limits a corporation's power to purchase its own shares, but does not make such a purchase illegal.

In *Ladd Estate Co. v. Wheatley, supra,* the plaintiff brought an action to recover on a promissory note of the defendant Wheatley and on the guaranty agreement executed by the co-defendant Westover Tower, Inc. Westover defended the guaranty agreement on the ground that the guaranty constituted an illegal act. The Supreme Court distinguished acts of a corporation which are *ultra vires* from acts which are illegal:

> "The claim that the giving of the guaranty was an illegal act is based upon ORS 57.226, which reads: 'No loans shall be made by a corporation to its officers or directors, and no loans shall be made by a corporation secured by its shares.' The court found that Wheatley was a director at the time the guaranty was given. If the transaction was illegal it would not be governed by ORS 57.040, because that statute relates only to acts of a corporation which are beyond its capacity or power. See 7 Fletcher, Cyc. of Corporations (perm ed, 1964 rev) 752 § 3607; 1 Model Business Corporation Act, Annotated, 204. An act of a corporation in contravention of a statute specifically prohibiting it is illegal and unenforceable: *State Sav. and*

*Loan Ass'n v. Bryant,* 159 Or 601, 635, 81 P2d 116. * * *" 246 Or at 629.

The court, however, found that the guaranty by Westover was not a loan under ORS 57.226, and so the guaranty contract was not illegal.

In *State Sav. and Loan Ass'n v. Bryant,* 159 Or 601, 81 P2d 116 (1938), the plaintiff purchased a lease for a price that exceeded ten percent of its assets, an act that was prohibited by statute. The statute at issue, Oregon Code § 25-311 (1930), provided "* * * that no such association shall use more than 10 percent of its net assets in acquiring real estate for its business location." In applying § 25-311, the court found that it:

"* * * was not a mere limitation found in the plaintiff's charter powers that rendered the plaintiff incapable of using its funds in the above manner, but the prohibition contained in a statute of this state. The plaintiff's effort to acquire this lease was illegal as distinguished from ultra vires: Fletcher, Cyclopedia of Corporations, § 1611, and Thompson on Corporations (3d Ed.), § 2827. * * *" 159 Or at 635.

The statute at issue here, ORS 57.035(5), is couched in prohibitory language similar to the statutes in *Ladd Estate Co. v. Wheatley, supra,* and *State Sav. and Loan Ass'n v. Bryant, supra.* Continental Trans-Com's purchase of its own stock when it was insolvent constituted an illegal act, as distinguished from an *ultra vires* act. Therefore, defendant was entitled to assert the illegality as a defense to plaintiff's claim on the guaranty. We agree with the trial court that the Continental Trans-Com purchase agreement was prohibited and that the illegality is a complete defense to plaintiff's claim.

Affirmed.