**A.G. ANDRIKOPOULOS; George A. Seifert; and John E. Dunn and Marjorie O. Dunn, as Trustees of the Dunn Trust, Plaintiffs–Appellees,**

v.

**The MINNELUSA COMPANY, a Florida corporation and F.H. Gower, Jr., Defendants–Appellants,**

and

**Florida Marine Construction Inc., a Florida corporation, Intervenor–Appellant.**

Nos. 94CA0280, 94CA1232.

Colorado Court of Appeals, Div. IV.

July 13, 1995.

Rehearing Denied Aug. 24, 1995.

Certiorari Granted March 4, 1996.

Baker & Hostetler, James A. Clark, Kathryn A. Elzi, Denver, for plaintiffs-appellees.

Theodore M. Smith, Denver, for defendants-appellants.

Vinton, Slivka & Panasci, P.C., Kevin D. Allen, James E. Puga, Curtis L. Clay, Denver, for intervenor-appellant.

Opinion by Judge KAPELKE.

In this suit on promissory notes and guaranty agreements, defendants, The Minnelusa Company (Minnelusa) and F.H. Gower, Jr. (Gower), appeal from the summary judgment entered against them and in favor of plaintiffs, A.G. Andrikopoulos, George A. Seifert, and John E. Dunn and Marjorie O. Dunn as trustees of the Dunn Trust. In addition, Florida Marine Construction Company (Intervenor) appeals from the order denying it leave to intervene. We affirm.

The following facts are undisputed. Plaintiffs were previously stockholders of Minnelusa, a Florida corporation, which operated a marina. In 1989, one of Minnelusa's principal lenders required, as a condition of refinancing, that all of Minnelusa's stockholders individually guarantee the loan obligation. Some of the stockholders, including plaintiffs, refused to do so.

Minnelusa then sought to repurchase the shares of the nonassenting stockholders, including plaintiffs. Plaintiffs agreed to sell their shares. As consideration for the sale, plaintiffs received promissory notes signed by Minnelusa. Each note also included a guaranty signed by Gower, who was also a shareholder.

In 1993, Minnelusa defaulted on its obligation under the promissory notes, and plaintiffs brought suit against Minnelusa and Gower. In both their answer and separate counterclaim for declaratory relief, Minnelusa and Gower asserted that the stock repurchase agreement was illegal and void under Florida statutory law.

Plaintiffs moved for summary judgment contending that neither Minnelusa nor Gower had standing to raise the Florida stock repurchase statute, Fla.Stat. § 607.017 (1989), as a defense to plaintiffs' claims on the notes and guaranty agreement. On January 6, 1994, four days before the trial was set to commence, Intervenor filed a motion to intervene in order to file a complaint for declaratory judgment that the promissory notes were void pursuant to a Florida stock repurchase statute. The trial court denied the motion.

On January 7, 1994, Minnelusa and Gower filed a motion to dismiss the action for failure to join three individuals as "indispensable" parties. Two of the individuals were alleged to be other shareholders who had received promissory notes from Minnelusa as a result of the repurchase agreement, and the other was alleged to be a creditor and shareholder of Minnelusa. The trial court also denied this motion.

The trial court granted plaintiffs' motion for summary judgment on January 10, 1994, and entered judgment against Minnelusa and Gower for the principal balance of the notes together with interest. The court also dismissed the counterclaims and directed counsel for plaintiffs to file an affidavit regarding attorney fees and costs. Following the filing of such an affidavit, the court awarded plaintiffs their costs and attorney fees. This appeal followed.

Pursuant to a limited remand ordered by this court after the notice of appeal was filed, the trial court issued written findings of fact, conclusions of law, and an order with respect to its denial of the motion to intervene.

## I.

Minnelusa and Gower initially contend that the trial court erred in entering summary judgment. We disagree.

At the outset, we note that the purpose of summary judgment is to permit the parties "to pierce the formal allegations of the pleadings and save the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail." *Peterson v. Halsted*, 829 P.2d 373, 375 (Colo.1992).

Summary judgment is a drastic remedy and should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c).

■ Minnelusa and Gower maintain that the trial court erred in determining that they lacked standing to invoke the provisions of Fla.Stat. § 607.017 as a defense to plaintiffs' promissory note and guaranty claims.

Fla.Stat. § 607.017, as in effect at the time the promissory notes were executed, provided in pertinent part that:

(1) A corporation shall have the right to purchase, take, receive, or otherwise acquire, hold, own, pledge, grant a security interest in, transfer, or otherwise dispose of its own shares, but purchases of its own shares, whether direct or indirect, shall be made only to the extent of unreserved and unrestricted surpluses.

.    .    .    .    .

(4) No purchase of, or payment for, its own shares shall be made by a corporation at a time when the corporation is insolvent or when such payment would make it insolvent.

Minnelusa and Gower asserted in the trial court that Minnelusa was insolvent at the time it issued the promissory notes for the stock repurchase and that the transaction was therefore illegal and void under the statute.

With respect to whether Minnelusa can invoke the provisions of the statute, we are guided by the general principle recognized in 6A W. Fletcher, *Cyclopedia of the Law of Private Corporations* 2861 (1990):

The corporation itself cannot have the purchase declared illegal, in states where such a purchase is allowable under some conditions, even if injured stockholders or creditors might have that right.

*See also American Family Care, Inc. v. Irwin*, 571 So.2d 1053 (Ala.1990); *Rainford v. Rytting*, 22 Utah 2d 252, 451 P.2d 769 (1969); *LaVoy Supply Co. v. Young*, 84 Idaho 120, 369 P.2d 45 (1962).

Under the Florida statutes, not all purchases by a corporation of its own stock are illegal. Therefore, application of the general principle set forth in the Fletcher treatise supports the trial court's ruling that Minnelusa is not entitled to have the purchase declared illegal.

Minnelusa and Gower rely on *Naples Awning & Glass, Inc. v. Cirou*, 358 So.2d 211 (Fla.App.1978) in contending that under Florida law a corporation purchasing its own stock is permitted to challenge a repurchase agreement as violative of § 607.017. In *Naples*, however, the court did not address the issue of the corporation's standing and, as is revealed in a footnote in the opinion, the position that the transaction was invalid was being asserted by the assignee for the benefit of *creditors* of the corporation.

In light of the absence of any authority indicating that under Florida law a corporation would be permitted to raise as a defense the invalidity of the repurchase transaction, we conclude that the trial court was correct in its ruling that Minnelusa lacked standing to assert such a defense here.

As the Florida courts have recognized, "the purpose of this type of statute is the protection of the corporate creditors and the other shareholders." *Naples Awning & Glass, Inc. v. Cirou, supra.*

■ With respect to Gower's standing to raise a defense based on § 607.017, although

he is a shareholder of Minnelusa, he also personally guaranteed the notes for the very repurchase transaction that he now seeks to invalidate. One who not only has knowledge of and assents to, but even *guarantees performance of,* a stock repurchase agreement may not escape liability by arguing that the agreement was invalid. *See In re Reliable Manufacturing Corp.,* 703 F.2d 996 (7th Cir. 1983); *American Family Care, Inc. v. Irwin, supra; Rainford v. Rytting, supra.*

While we recognize that some courts have allowed guarantors to assert the invalidity of the guaranteed stock purchase arrangements, *see Field v. Haupert,* 58 Or.App. 117, 647 P.2d 952 (1982) and *McGinley v. Massey,* 71 Md.App. 352, 525 A.2d 1076 (1987), we conclude that the better reasoned view is that a guarantor, such as Gower here, who was fully involved in the transaction should be barred from invoking the defense.

We thus conclude that the trial court did not err in determining that both Minnelusa and Gower are precluded from defending the promissory note and guaranty claims by asserting that the stock repurchase was illegal under Fla.Stat. § 607.017.

## II.

Minnelusa and Gower further contend that the trial court erred in denying their motion to dismiss for failure to join "indispensable" parties. We perceive no error.

By their motion under C.R.C.P. 19, Minnelusa and Gower urged the trial court to order the joinder of Richard R. Bloss, R.W. Box, and Paul V. Hoovler as parties or, in the alternative, to dismiss the action.

Bloss and Box allegedly were, like plaintiffs, holders of notes signed by Minnelusa in connection with the stock repurchase, and Hoovler was allegedly also a creditor and a shareholder of Minnelusa.

In their motion, Minnelusa and Gower claimed that the parties whose joinder was sought would "obviously be injured if Plaintiffs secure a judgment instead of them."

The trial court denied the motion on the basis that it was filed later than 45 days prior to trial in violation of the court's "Amended Order Supplementing Rule 121." While Min-

nelusa and Gower argue that an order issued under C.R.C.P. 121 cannot alter or override the provision of C.R.C.P. 12, which allows a defense based on lack of joinder to be raised as late as the time of trial, we need not address this contention because we conclude that, as a matter of law, joinder of the additional parties here was not required.

■■■ This suit involves the separate promissory notes between each of the plaintiffs and Minnelusa, as well as the separate guaranty agreements each of the plaintiffs obtained from Gower. There is no legal requirement of joinder of other persons who have their own separate notes or other contract arrangements with the corporation or the guarantor. A person who is not a party to the contract in litigation and has no right or obligations under that contract is not an indispensable party. *See* 3A *Moore's Federal Practice* § 19.10 (1995); 7 C. Wright & A. Miller, *Federal Practice & Procedure* § 1613 (1986) and cases cited therein.

Joinder of the additional parties was thus not required, and the trial court did not err in denying the motion of Minnelusa and Gower under C.R.C.P. 19.

## III.

■■■ Intervenor contends that it was entitled to intervene as a matter of law pursuant to C.R.C.P. 24(a)(2) and that the trial court therefore erred in denying its motion to intervene. Again, we perceive no error.

Intervenor claimed in its motion that it was a creditor of Minnelusa and that the disposition of the action would, as a practical matter, impair its ability to protect its interest, particularly if the trial court were to rule that Minnelusa and Gower lacked standing to challenge the repurchase transaction and the promissory note obligations as violative of Fla.Stat. § 607.017.

In its written findings and conclusions setting forth its reasons for denying the motion to intervene, the trial court noted that: there was a possibility of collusion; the Intervenor had not alleged a property interest in the notes that were the subject of the action; Intervenor had not alleged that it was a creditor at the time the notes were issued by Minnelusa and guaranteed by Gower; Intervenor had failed to establish a probability

that any decision in the action might, as a practical matter, impair or impede its ability to protect its interest in the $2400 debt owed to it by Minnelusa; and, finally, Intervenor had not filed its motion until four days before the scheduled trial date.

C.R.C.P. 24(a) permits intervention in an action "upon timely application." Timeliness is a threshold question to be determined by the court. *See Diamond Lumber, Inc. v. H.C.M.C., Ltd.*, 746 P.2d 76 (Colo.App.1987).

As a division of this court recognized in *Diamond Lumber*, the point of progress in the lawsuit is only one factor to be considered and is not, in itself, determinative. Timeliness must be evaluated by consideration of all the circumstances in the case.

Here, Intervenor did not seek to be included in the litigation until four days before trial. As the trial court recognized in its findings, Intervenor did not submit a supporting factual affidavit, and, because of the late filing, plaintiff had little or no opportunity to investigate the allegations contained in the motion.

Although Intervenor represented that it had only obtained knowledge of the lawsuit a short time before filing its motion, the court weighed that consideration against the lateness of the motion and the potential impact on the proceedings.

Under all the circumstances here, we find no abuse of discretion in the trial court's considered determination that the intervention was untimely. Accordingly, we conclude that the trial court did not err in denying the motion to intervene.

## IV.

Finally, Minnelusa and Gower urge that the trial court erred in awarding attorney fees and costs against them and in favor of plaintiffs. We disagree.

In its judgment order, the court indicated that it would award attorney fees and costs and directed counsel for plaintiffs to submit an affidavit regarding such fees and costs by February 1, 1994. The affidavit was filed within the required time.

Minnelusa and Gower neither objected to the attorney fees and costs set forth in the affidavit nor requested a hearing regarding the necessity of the services and expense items or the reasonableness of the amounts.

On May 5, 1994, the trial court entered its order and judgment for costs, awarding the full amount set forth in the affidavit filed by plaintiffs. The court noted that there had been no objection and, therefore, deemed the bill of costs to be confessed. Later, the court considered and denied a petition for rehearing as to the award.

Minnelusa and Gower contend that there should not have been an award of attorney fees unless and until a separate motion was filed by plaintiffs.

However, since the court's original judgment order had *already* provided for an award of fees and costs, plaintiffs were not required to file an additional separate motion. Thus, in light of the lack of any prompt objection by Minnelusa and Gower, the trial court acted properly in entering the judgment and order awarding attorney fees and costs in accordance with the affidavit submitted by plaintiffs.

The judgment is affirmed.

MARQUEZ and DAVIDSON, JJ., concur.