J. JONES, Justice,
specially concurring in the l’esult of Part III.B.
I concur in the Court’s opinion, but write separately to specially concur in the result reached in Part III.B. Based upon the public policy of former I.C. § 30-1-6, the overreaching of Reed Taylor, and the current financial situation of the parties under the contract, it is appropriate to hold the Stock Redemption Agreement to be void and unenforceable. This does not necessarily mean that any contract made in contravention of any corporate governance statute is automatically void and unenforceable. Each case should be decided on its own merits. The Colorado Supreme Court provided a helpful framework for analysis in Minnelusa Co. v. A.G. Andrikopoulos, 929 P.2d 1321 (Colo. 1996):
A minority of state appellate courts have held that stock repurchase agreements which violate statutory prohibitions are illegal and void, and refuse to enforce the obligations contained therein. McGinley v. Massey, 71 Md.App. 352, 525 A.2d 1076, 1078-80 (1987); Field v. Haupert, 58 Or. App. 117, 647 P.2d 952, 954 (1982); American Heritage Inv. Corp. v. Illinois Nat’l Bank, 68 Ill.App.3d 762, 25 Ill.Dee. 431, 436, 386 N.E.2d 905, 910 (1979). However, we find the following language in a case criticizing the minority view to be more enlightened:
The Court has not, in fact, adopted such a rigid rule that any contract made in violation of any statute is unenforceable. What it has done, although sometimes fleetingly, is to examine the statute at issue and the public policy behind it in an attempt to discern whether the legislature intended for contracts made in violation of the statute to be void or unenforceable. Other Maryland eases have more clearly expressed this notion.
Springlake Corp. v. Symmarron Ltd. Partnership, 81 Md.App. 694, 569 A.2d 715, 718 (1990).
Id. at 1324.
I would suggest that the Court’s opinion not be taken, without some caution, as precedent for the proposition that any contract made in contravention of any corporate governance statute will be held to be void and unenforceable. As indicated in Minnelusa, careful consideration must be devoted to the particular statute in question — to ensure that it embodies an important public policy — before a contract made in contravention of it is declared to be void and unenforceable. As the Court acknowledges in our opinion, the former I.C. § 30-1-6 served an important public policy function — to protect the interests of minority stockholders and creditors from the surreptitious depletion of a corporation’s capital assets. The facts involved in this statutory violation are also compelling. The Stock Redemption Agreement was decidedly a self-interested one. Reed Taylor engineered a contract for his own benefit, acting as negotiator for the corporation, while at the same time acting on his own behalf as the other contracting party. This certainly heightens the public policy concern, making the transaction considerably more suspect. As to the current financial situation of the parties, Reed Taylor has given up control of his stock but, on the other hand, the respondents claim he has received over $9 million in cash, property, and debt forgiveness. Leaving the parties as they are does not adversely impact minority shareholders or creditors. Thus, given the considerations of public policy, the facts of this ease, and the present financial situation of the parties under the contract, it appears the interests of justice are served by leaving the parties where they currently are.
While the appropriate result was reached in this case, practitioners should be cautious in drawing any hard and fast conclusions as to whether any contract made in violation of a corporate governance statute will be automatically deemed void and unenforceable. *576 First, the particular statute involved here embodied an important public policy. Second, the egregious facts support a holding that the transaction is violative of that public policy. Third, a somewhat less suspect transgression of a less critical corporate government statute may not obtain the same result. Fourth, the particular statute in question, I.C. § 30-1-6, has been repealed.