Argued September 8, decided September 16, rehearing denied December 2, 1913.

## PACIFIC BRIDGE CO. *v.* OREGON HASSAM CO.

(134 Pac. 1184.)

**Pleading—Complaint—Objections—Waiver.**

1. When, at the commencement of a trial, objection is made to the introduction of any evidence by plaintiff on the ground that the complaint is insufficient for want of facts, the question is to be determined by the rules governing a demurrer and is never waived.

**Damages—Breach of Contract—Pleading and Proof.**

2. Where a complaint alleges the making and breach of an executory contract, and avers that the breach has resulted in damage to plaintiff, the latter allegation is sufficient to let in proof of general damage.

**Damages—Executory Contract—Breach.**

3. Where a party engaged in the execution of an agreement is wrongfully prevented by the other party from complying with the terms of the contract, the usual measure of damages is recompense to the plaintiff for the part accomplished and indemnity for the loss occasioned by the part unperformed.

**Damages—Pleading—Executory Contract—Breach of Contract.**

4. Where, in an action for breach of an executory contract to furnish a specified number of cubic yards of crushed rock a month and to pay for services rendered with reference thereto at the rate of 30 cents per cubic yard, the complaint did not aver that, in consequence of the breach, plaintiff sustained any damage, but charged that, by reason of the facts alleged, defendant became indebted to plaintiff in a specified sum, it was fatally defective.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This is an action by the Pacific Bridge Company, a corporation, against the Oregon Hassam Paving Company, a corporation, to recover money.   The complaint states in effect that on February 10, 1909, the plaintiff, a corporation, as the first party, and the Columbia Crushed Rock Company, a corporation, as the second party, entered into a written contract the material parts of which provided generally that plaintiff would construct at Portland, Oregon, a wharf and erect thereon bunkers, furnish the necessary labor and equipment properly to store in these bins, and to redeliver on demand such quantities of crushed rock as the second party might deliver to it between April 1st and December 1st of each year until January 1, 1912.   In consideration thereof the second party agreed to deliver monthly during the seasons specified 3,500 cubic yards of crushed rock and to pay for the service to be performed 30 cents per cubic yard.   It was also stipulated that the entire contract should bind the assignees or successors in interest of the parties to the contract, but that the execution of the agreement should be suspended by breakage of machinery, floods or any other condition arising that was beyond the power of the parties to control.   The complaint further charges, in substance: That on August 31, 1909, the second party assigned all its right, title and interest in and to the contract to the defendant herein, the Oregon Hassam

67 Or.—37

Paving Company, a corporation, which for a valuable consideration undertook to keep and perform all the terms and conditions of the agreement assented to by its assignor. That the plaintiff has performed each condition of the contract to be kept by it; but the defendant failed to deliver to it the quantity of crushed rock stipulated for, and without lawful excuse delivered, between April 1, 1910, and December 1st of that year, only 12,211 cubic yards of such material, or a monthly average of only 1,526⅓ cubic yards, for the storing and handling of which it paid $3,663.28. That the average monthly payments stipulated to be made were $1,050, or a total for the year of $8,400. "That by reason of the facts aforesaid, defendant became and is indebted to the plaintiff in the sum of $4,736.72, with interest thereon from December 1, 1910," for which amount judgment was demanded.

The answer denies most of the material averments of the complaint, and for a separate defense alleges that the defendant's failure to deliver the specified quantity of crushed rock was attributable to the causes set forth in the contract as excuses for the nonperformance of the terms of the agreement, specifying particularly the reasons for the release from the obligation.

The reply put in issue the allegation of new matter in the answer, whereupon the cause was tried, without the intervention of a jury, the court making findings of fact and of law and rendering judgment for the sum demanded against the defendant, and it appeals.

                                        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Lawrence A. McNary.*

For respondent there was a brief and an oral argument by *Mr. A. E. Clark.*

MR. JUSTICE MOORE delivered the opinion of the court.

The bill of exceptions states that at the beginning of the trial defendant's counsel objected and excepted to the introduction of any evidence by the plaintiff, on the ground that the complaint did not aver that any damages had resulted by reason of the alleged breach of the contract. It is maintained by plaintiff's counsel that no exception was taken by the adverse party to the ruling of the court, and, this being so, the error thus assigned is not for consideration. The ruling upon the matter is not set forth; but, since it appears that the testimony of plaintiff's witnesses was received, it is reasonably to be inferred from the declaration in the bill of exceptions, to which reference has been made, that the objection was overruled and an exception to the action of the court in this particular was taken.

1. When, at the commencement of a trial, objection is made to the introduction of any evidence by the plaintiff, on the ground that the complaint does not state facts sufficient to constitute a cause of action or suit, the challenge interposed assails the plaintiff's primary pleading, the insufficiency of which is never waived, and the question is to be determined by the rules governing a demurrer: *Sanders* v. *Soutter,* 126 N. Y. 193 (27 N. E. 263); *Kain* v. *Larkin,* 141 N. Y. 144 (36 N. E. 9); *Herbert* v. *Duryea,* 87 Hun, 288 (33 N. Y. Supp. 1031).

2. If the complaint alleges the making of an executory contract the terms of which have been broken by one of the parties and merely avers that the breach has resulted in damages to the plaintiff, the latter allegation is sufficient to let in proof of the general damages sustained: Sedgwick, Damages (9 ed.), § 1257; *Hadley* v. *Prather,* 64 Ind. 137; *Wilson* v. *Clarke,* 20 Minn. 367 (Gil. 318); *Sunnyside Land Co.* v. *Willamette Bridge Ry. Co.,* 20 Or. 544 (26 Pac. 835); *Dob-*

*bins* v. *Edmonds,* 18 Mo. App. 307; *Johnson* v. *Gilmore,* 6 S. D.. 276 (60 N. W. 1070).

In *Ketchum* v. *Van Dusen,* 11 App. Div. 332 (42 N. Y. Supp. 1112), a case cited by plaintiff's counsel, it was held that a complaint for a breach of contract need not allege in terms that the plaintiff had been damaged, where it stated facts from which damages naturally flowed, and demanded judgment for a certain sum.

3. The general rule governing the recovery of damages for the breach of an executory contract is that, where a party engaged in the execution of an agreement is wrongfully prevented by the other party from complying with the terms of the contract, the usual relief in such a case is recompense to the plaintiff for the part accomplished and indemnity for the loss occasioned by the part unperformed: *Young* v. *Stickney,* 46 Or. 101 (79 Pac. 345); *Friedlander* v. *Pugh,* 43 Miss. 111 (5 Am. Rep. 478). In the case cited and relied upon herein the complaint .stated in effect that the plaintiff performed labor for, and furnished material to, the defendant pursuant to an oral agreement by the terms of which the defendant stipulated to lease to him a farm upon which he moved, but that the defendant refused to execute to him the demise. Based on these facts, the plaintiff undertook by the action to obtain recompense only for the labor and material and not to recover for any loss occasioned by a breach of the agreement. Though the form of that action was undoubtedly *assumpsit,* which is a remedy for the recovery of damages for the nonperformance of a parol agreement, the relief there sought was not indemnity for the loss occasioned by the breach of the contract, and for that reason the action was not for the recovery of damages within the generally accepted meaning of that term.

4. The complaint herein does not aver that in consequence of the breach of the agreement the plaintiff

sustained any damages, but charges that by reason of the facts alleged in the initiatory pleading the defendant became indebted to the plaintiff, etc. The defect in the complaint in this particular renders it insufficient to sustain a judgment for damages, though a witness for plaintiff testified in respect to the loss claimed to have been occasioned by the breach of the contract: *Bohall* v. *Diller,* 41 Cal. 532.

As the complaint can be amended so as to cure the imperfection referred to, the judgment is reversed and a new trial ordered.　　　　　　　　Reversed.

Mr. Chief Justice McBride and Mr. Justice Ramsey concur.

Mr. Justice Burnett dissents.