Argued January 24; affirmed February 18; rehearing denied
March 24, 1936

# JENSEN *v.* ROSUMNY
(54 P. (2d) 307)

*Reuben G. Lenske,* of Portland, for appellant.

*Ralph B. Herzog,* of Portland (Herzog, Kenin & Kenin and Clifford D. O'Brien, all of Portland, on the brief), for respondent.

BELT, J. This is an action on a contract to recover the sum of $2,000 alleged to be due on account of sale to defendant of an interest in a brokerage business. In the amended complaint it is alleged:

### I.

"That at all times herein mentioned the plaintiff was engaged in the brokerage business in the state of Oregon under the name of Geo. A. Jensen & Co.; that for some time prior to the 15th day of December 1930, the defendant was employed by the plaintiff in said business in Portland, Oregon.

### II.

"That on or about the 15th day of December 1930, the plaintiff and the defendant herein entered into a certain written agreement, the terms and provisions of which are embodied in 'Exhibit A' attached hereto, which exhibit is by reference thereto made a part of this complaint.

### III.

"That for some months after the execution of the aforesaid agreement the plaintiff and the defendant were associated together in the brokerage business in the state of Oregon in accordance with the terms of said agreement.

### IV.

"That the plaintiff has performed all of the conditions and covenants which said written agreement hereinabove referred to provided that plaintiff should perform.

## V.

"That some months after said agreement was entered into the defendant left the employ of the plaintiff and entered into the brokerage business in the state of Oregon on his own account under the name of Louis Rosumny & Co.; that within one year thereafter the defendant took and/or was given many of the accounts which theretofore had been owned and had been customers of the plaintiff; and defendant has taken over almost all of the former Portland business of the plaintiff as contemplated by the aforesaid agreement.

## VI.

"That thereupon the sum of $2,000 became immediately payable by the defendant to the plaintiff under the terms of the aforesaid agreement; that although demand has been made therefor the defendant has refused and continues to refuse to pay said sum of $2,000 to the plaintiff or any part thereof."

The defendant filed a general demurrer to the above complaint and, upon the same being overruled, answered by a general denial. In an affirmative answer defendant alleged a counterclaim for money had and received in the sum of $81.

Plaintiff in a reply denied the new matter alleged in the counterclaim.

The cause was submitted to a jury and a verdict returned against defendant for $1,600.58, the sum of $399.42 being voluntarily waived by plaintiff. Defendant appeals.

█ Since there is no transcript of the evidence here, the sole question is whether plaintiff has alleged a cause of action. Error is not presumed. In fact, we must assume there was evidence to support the allegations of the complaint. Furthermore, the complaint after verdict is entitled to every reasonable intendment in favor of the pleader. Defendant did not elect

to stand on his demurrer but answered over. The rule relative to construction of complaint where defendant has answered over is well stated by Mr. Justice WOLVERTON in *Oregon & California R. R. Co. v. Jackson County,* 38 Or. 589 (64 P. 307, 65 P. 369), and quoted with approval in *Whitney v. Whitney,* 114 Or. 102 (235 P. 293), as follows:

"The defendants having answered over, all intendments must be indulged in favor of the sufficiency of the complaint, and the question now is: Will it support a decree? When tested by demurrer, the rule is, as counsel suggest, that the allegations are to be construed most strongly against the pleader; but this condition is waived by pleading over, and the question becomes one against all reasonable intendments."

Also see *Brosius v. Hazelwood,* 127 Or. 635 (271 P. 992).

The contract referred to in the complaint and upon which this action is based is as follows:

"Confirming the writer's conversation with you Saturday, it is agreeable for the Portland branch of Geo. A. Jensen & Co. to be known as Jensen, Rosumny & Co. under the following conditions: '

"1. The drawing account of Rosumny is to be mutually agreed upon as conditions of the business justify, based on cash in the bank and the Profit and Loss statements.

"2. It is understood that the amounts which Mr. Louis Rosumny has received from Durkee Famous Foods, Inc., are to be regarded as a surplus account and the amount is to be applied as a drawing account in the event that the Profit and Loss statement of the Portland operations shows a loss.

"3. *The valuation* of the Portland operations of the Geo. A. Jensen & Co. at the time Mr. Rosumny became associated with us, was valued at $4000, and it is understood that *if Mr. Louis Rosumny enters into the brokerage business in the state of Oregon for his own*

*account, and takes,* or is given *any of the accounts at the present time owned by Geo. A. Jensen & Co.,* within one year after leaving our employ, he is to reimburse Geo. A. Jensen & Co., of Seattle, with $2000. *It is recognized that changing the name will enable Louis Rosumny to more readily take possession of the said business should he desire to do it, which under the present working arrangements is impossible.*

"In the event of the death of George A. Jensen, in view of the good and faithful service that Mr. Rosumny has rendered to date, the Portland business of Geo. A. Jensen & Co. and the interests of George A. Jensen in that business, are to be given to Louis Rosumny. In the event of Louis Rosumny's death, Geo. A. Jensen & Co. of Seattle agrees to give to the estate of said Louis Rosumny $2000, which is to be regarded as his work in increasing the original value of Geo. A. Jensen & Co., for which, however, Mr. Rosumny has been paid in full to date.

"The cash balance of the Jensen Rosumny Company of Portland, Oregon, is to be kept on deposit in the First Seattle Dexter Horton National Bank until such time as it is mutually agreed upon to have such deposits kept elsewhere." (Italics ours.)

It is the contention of defendant (1) that the complaint is fatally defective since it contains no allegation of damages; (2) that the contract does not provide for a sale of the plaintiff's interest in the brokerage business; and (3) that the stipulation of the parties relative to the payment of $2,000 constitutes a penalty or forfeiture and is not a provision for liquidated damages.

■■ This contract was not drawn by a lawyer. Apparently it was prepared by some person who had read a one-volume work entitled "Every Man His Own Lawyer". While the contract in some particulars is ambiguous, we glean from the instrument in its en-

tirety that it was the intention of the parties that Rosumny be given an option to purchase an interest in Jensen's brokerage business at Portland, Oregon, for the sum of $2,000. The provision relative to change of name and taking possession of the business leads strongly to that conclusion. The offer to sell plaintiff's interest in the business was, under the terms of the contract, deemed to have been accepted when Rosumny "enters into the brokerage business in the state of Oregon for his own account, and takes, or is given any of the accounts at the present time owned by Geo. A. Jensen & Co., within one year after leaving our employ, . . . ."

Assuming, as we must, that the allegations of the complaint are true, it is clear that Rosumny accepted the offer to purchase an interest in Jensen's Portland business. The allegation, that "defendant has taken over almost all of the former Portland business of the plaintiff", is equivalent to an allegation of substantial acceptance of the offer to sell. There was nothing further for plaintiff to do under the contract and when defendant exercised his right of option by substantially taking over the business, the contract was fully executed on his part. It remained only for him to pay to Jensen the sum of $2,000 as stipulated in the agreement. A different case would be presented if the record disclosed that Rosumny had merely taken over "any" or "one" of the accounts.

◼ In our opinion the complaint is not fatally defective on account of the absence of any allegations concerning damages. This is not an action to recover damages for breach of an executory contract. Hence *Pacific Bridge Co. v. Oregon Hassam Co.*, 67 Or. 576 (134 P. 1184), relied upon by appellant, is not in point. In the

instant case, the contract, according to the allegation of the complaint, was fully performed by both the parties thereto. Plaintiff is not seeking damages, but rather the fruits of an executed contract.

The judgment is affirmed.

CAMPBELL, C. J., and ROSSMAN and KELLY, JJ., concur.