Argued at Pendleton October 29; affirmed December 10, 1940

# SMITH *v.* DUNN

(107 P. (2d) 985)

*Dewey H. Palmer*, of Portland (Frank G. Dick, of The Dalles, on the brief), for appellant.

*F. M. Phelps*, of Portland (Eugene E. Burdick, of Portland, on the brief), for respondent.

BELT, J. This appeal involves three alleged causes of action; viz, (1) Money had and received; (2) conversion; (3) reasonable value of services rendered.

Plaintiff, in his complaint, alleges:

(First Cause)

"I.

"That between the 1st day of June, 1938, and the 1st day of August, 1939, the defendant had and received from the plaintiff the sum of $1090.97, to the use and benefit of the plaintiff herein.

"II.

"That thereafter and before the commencement of this action, namely: on the 28th day of July, 1939, plaintiff demanded the sum so received, from the defendant herein but that the defendant wholly refused and neglected and does now refuse and neglect to pay the same and there is now due and owing and unpaid from the defendant to plaintiff said sum of $1090.97."

(Second Cause)

"That during all of the times mentioned herein the plaintiff was the owner of four fish poles of the reasonable value of $40.00, one pair high hiking boots of the reasonable value of $2.00; electric table saw and motor of the reasonable value of $100.00; one pair of binoculars and one pair of field glasses of the reasonable value of $70.00, smoothing plane drills and other small tools of the reasonable value of $55.00 and that said personal property was located in the County of Hood River, State of Oregon, and that the defendant did wrongfully and unlawfully convert the said personal property to her own use, and did refuse to surrender up the same to plaintiff, all to plaintiff's damage in the sum of $267.00."

(Third Cause)

"That plaintiff is a carpenter, and that said plaintiff was employed by the defendant between the 3rd day of June, 1938, and the 1st day of August, 1939, for 1680 hours, and that the reasonable value of said services is the sum of $1.20 per hour, and there is now due and unpaid for said services for and on behalf of defendant by plaintiff, said sum of $2,016.00."

Defendant in her answer denied "each and every allegation in the First, Second, and Third causes of action."

As a further and separate answer to the third cause of action, the defendant in substance alleged that the work and labor performed by plaintiff between the 3d day of June, 1938, and the 31st day of October, 1938, was pursuant to an oral argreement whereby the plaintiff, in consideration of such services, was to receive as full compensation therefor his "board, room, and the washing of his clothes." Defendant avers that she performed her part of the agreement and that plaintiff has been paid in full.

As a second further and separate defense to the third cause of action, defendant in substance alleges that on October 31, 1938, the plaintiff and defendant entered into the following written contract:

"THIS AGREEMENT made and entered into on the date hereafter mentioned by and between Mildred Dunn, hereinafter referred to as the Employer, and David M. Smith, hereinafter referred to as the Employee.

"WITNESSETH: That the Employer does hereby retain the Employee to work on, around and about her cabins and premises near Wyeth, in Hood River County, Oregon, at such times as may be agreeable to the parties hereto. It is hereby understood and agreed that the Employee shall receive his board and room from the Employer for such services and that he shall be entitled to no other or different compensation. This contract of employment shall continue in force only so long as it is mutually agreeable to the parties and may be terminated by notice given by either of them to the other. It is further understood and agreed that the Employee has not and because of said employment shall not have any interest, right or claim in, to or against any of the property of the Employer because

of work done or materials furnished or to be done or hereafter furnished.''

Defendant alleges that the above written contract remained in force and effect until ''substantially the first day of August 1939 from the time it was made,'' and that she performed her part of the contract.

Plaintiff in his reply admitted the execution of the written contract but avers that ''shortly after the signing thereof'' it was terminated by the mutual consent of the parties.

The cause was submitted to a jury and a verdict returned in favor of the plaintiff in the sum of $669.97 on the first cause of action; $100 on the second cause; and $490 on the third cause. From the judgment entered in accordance with the verdict, the defendant appeals.

■ At the threshold of this case it is well to bear in mind that the pleadings were never challenged by defendant, either by motion or demurrer. No objection was made to the introduction of testimony, on the ground that the complaint failed to allege a cause of action. Neither did defendant take any exception to the instructions of the trial court. Under such a state of the record, it is elementary—and certainly in keeping with the proper administration of Justice—that the pleadings and the evidence are entitled to every reasonable intendment in favor of the plaintiff.

At the conclusion of the taking of testimony, defendant, through her counsel, moved against the first cause of action as follows:

''I move the court for a directed verdict upon the first cause of action, or as to the sum mentioned in the first cause of action, for the reason that the plaintiff has failed to prove a case sufficient to go to the jury in that he has failed to prove an illegal contract existing and the payment of money under it whereby he is

entitled to receive a verdict on a money had and received allegation, as therein made."

The statement of the ground for the motion is not clear but we glean from the brief of appellant that it is her contention that the facts proved do not support an action for money had and received.

Defendant owned and operated a gasoline service station and automobile camp near Hood River on the Columbia River highway. The cabins and restaurant were greatly in need of repairs. Plaintiff testified that at various times he "advanced" money for and on behalf of the defendant for the purpose of improving the property in question under an oral agreement that he was to have an interest in the property. It is plaintiff's theory that, since the oral agreement is unenforceable by reason of the statute of frauds and the consideration therefor has failed, the defendant in equity and good conscience ought to be compelled to reimburse him for the money thus expended by him. Plaintiff further testified that he advanced money to defendant for the purpose of making the necessary deposit with a power company in order to secure lights for the auto camp.

Plaintiff testified in substance that after he had expended substantial sums of money in the improvement of the property the defendant repudiated her agreement to give him an interest in the same and "kicked him out."

It is well settled that an action for money had and received will lie to recover money that has been paid on a contract, the consideration of which has failed: 4 Am. Jur. 517; 41 C. J. 35; *Vanderpool v. Burkitt*, 113 Or. 656, 234 P. 289. There is considerable evidence

tending to show that defendant received money or its equivalent from plaintiff to be used for his benefit. Assuming such evidence to be true, as we must do on motion for a directed verdict, we think the defendant cannot refuse to abide by the contract and still keep the money paid thereunder. The contract was too indefinite and uncertain to be enforceable: 41 C. J. 38. Hence action for money had and received would lie for money paid thereunder. It was also unenforceable by reason of the statute of frauds: 4 Am. Jur. 518.

■ Relative to the action for conversion, it is contended here for the first time that the complaint fails to allege a cause of action in that it does not appear therefrom that plaintiff was the owner of the chattels at time of conversion. It is further asserted that the complaint is fatally defective in that there is no allegation that plaintiff was at such time entitled to the immediate possession of the property alleged to have been converted. The pleading cannot be considered a model one, but we think, in the absence of demurrer and after verdict, it is sufficient. Plaintiff's allegation that he was the owner "during all of the times mentioned herein" may reasonably be said to refer to the time of the conversion of the property. We think that the right to possession might well be inferred from proof of ownership. Especially is this true in the absence of demurrer. Appellant relies upon *Hunt v. First National Bank,* 102 Or. 398, 202 P. 564. In that case the complaint was tested by demurrer and the court properly held that it did not affirmatively appear therefrom that plaintiff was the owner of the property at the time of the alleged conversion. Clearly, *Hunt v. First National Bank,* supra, is not authority for holding the complaint in the instant case insufficient.

Defendant also moved for a directed verdict as to the third cause of action for the reason that:

"* * * * there is insufficient evidence for the case to go to the jury in that there has been a failure of proof on the question of cancellation of the alleged contract and in that there is no allegation in the pleadings to the effect that the contract was in fact cancelled."

■ There is no merit in this motion. The record does contain evidence relative to the termination of the written contract set forth in defendant's further and separate answer, and the termination thereof is alleged in the reply of the plaintiff.

■ Defendant complains of the ruling of the court in permitting plaintiff to testify concerning the tools claimed to have been converted, for the reason that the same were not sufficiently described in the complaint. If defendant was not sufficiently apprised of the tools in question, a motion to make the complaint more definite and certain would have been in order. Failing to make such motion, we think defendant is in no position to complain: 65 C. J. 75.

■ Defendant asserts that error was committed in permitting witness Baldwin to be cross-examined as to his opinion of the construction price of the building upon which plaintiff had worked. Baldwin testified as an expert on direct examination as to the value of the work plaintiff claimed to have done. We think the examination was proper to test the accuracy, probability, and reasonableness of the witness' opinion given on direct examination: 70 C. J. 809.

■ Error is claimed because of the refusal of the court to permit the witness for defendant to testify as to the contents of a written memorandum made concerning her agreement with plaintiff about compensation

for his services, which she says she destroyed before trial. Under such circumstances, secondary evidence as to the contents of the writing was not admissible until sufficient showing had been made by defendant to rebut inference of a fraudulent intent or purpose arising from the act of destruction: 20 Am. Jur. 391. No such showing was made in the instant case. Furthermore, no offer of proof was made.

Finding no error substantially affecting the rights of the defendant, it follows that the judgment is affirmed.

BEAN and LUSK, JJ., not sitting.