Argued March 31; affirmed April 7, 1942

# CUNNINGHAM *v.* OREGON FARMERS INSTITUTE
## INSTITUTE
### (124 P. (2d) 304)

Before K<small>ELLY</small>, Chief Justice, and B<small>AILEY</small>, L<small>USK</small>, R<small>AND</small> and R<small>OSSMAN</small>, Associate Justices.

*Rex Kimmell*, of Salem (George William Neuner, of Salem, on the brief), for appellant.

*James C. Dezendorf*, of Portland (Dey, Hempson & Nelson, of Portland, on the brief), for respondent.

LUSK, J. The plaintiff recovered a judgment in an action for damages for personal injuries based on negligence. The defendant, appealing, has brought to this court only the pleadings and judgment, and asserts as sole ground for reversal that the complaint, hitherto unchallenged by motion, demurrer or otherwise, does not state facts sufficient to constitute a cause of action.

According to the complaint the plaintiff was tenant of an apartment in premises owned by the defendant, and was injured by an explosion of illuminating gas caused by the negligence of the defendant. It is alleged that a light fixture in the kitchen of the apartment, which extended downward from the ceiling and was equipped with two outlets at its lower end, one into which an electric light bulb could be fitted and the other having an illuminating gas jet, was in a defective condition, in that "an electric light globe placed in the socket in said kitchen light fixture would not work regardless of the position" of the wall switch

designed to control the flow of electricity; that defendant promised to have the fixture repaired but neglected to do so; that this fixture was connected with electric wires and a gas pipe which extended from the roof to the basement of the apartment building where they connected with the outlets of the gas company and the electric light company; "that all of the gas pipes and electric wires in said apartment building were under the exclusive control of the defendant herein".

Paragraphs VII and VIII are as follows:

"VII

"That when plaintiff entered apartment 64 on the night of July 15th, 1939, there was an unusual sound in or about, or in the vicinity of the light fixture in the kitchen. That while plaintiff was endeavoring to determine the cause and location of said noise a violent illuminating gas explosion occurred causing the severe and painful personal injuries to plaintiff hereinafter more particularly alleged.

"VIII

"That said explosion and the injuries which plaintiff received were the proximate and direct result of the negligence of defendant in permitting the light fixture in the kitchen of said apartment and the pipe and wires connected therewith to be out of repair and in a defective condition, the exact nature of which is unknown to the plaintiff."

The pleading concludes with allegations of injury and damage caused the plaintiff by the explosion, and a prayer for judgment.

■ ■ In this jurisdiction it is sufficient in order to charge negligence to specify the act, the doing of which caused the injury, and state generally that it was negligently and carelessly done. *Weinstein v. Wheeler*, 135 Or. 518, 528, 295 P. 196, 296 P. 1079; *Coblentz v. Jaloff*, 115 Or. 656, 659, 239 P. 825; *Cederson v. Oregon*

*R. & Navigation Co.*, 38 Or. 343, 350, 62 P. 637, 63 P. 763. The complaint in the instant case meets this test by alleging "the negligence of defendant in permitting the light fixture in the kitchen of said apartment and the pipe and wires connected therewith to be out of repair and in a defective condition". This negligence is charged as the proximate cause of injury to the plaintiff. It would seem, therefore, that the complaint states a cause of action—certainly so where it has not been tested by demurrer and is challenged for the first time on appeal. See, *Smith v. Dunn*, 165 Or. 418, 107 P. (2d) 985, 987.

The contention of counsel for defendant, however, if we understand it, is to the following effect: They say that the allegation that the light fixture was in a defective condition is a specific charge of negligence; that, therefore, the plaintiff is precluded from relying on the general charge of negligence in Paragraph VIII; that he could not establish the former without resort to the doctrine of *res ipsa loquitur*, and that doctrine is not available to him because the complaint itself discloses that the plaintiff was in the exclusive possession and control of the light fixture, since it was wholly within the apartment of which the plaintiff was the tenant.

The argument, in our opinion, is fallacious. *Res ipsa loquitur*, it is conceded, is a rule of evidence not of pleading. *Boyd v. Portland Electric Co.*, 41 Or. 336, 342, 68 P. 810; *Boyd v. Portland Electric Co.*, 40 Or. 126, 131, 66 P. 576, 57 L. R. A. 619; 45 C. J., Negligence, 1196, § 769. The defendant cannot make that doctrine the sole prop of the complaint and then bring about the collapse of the complaint by knocking the prop out from under it. We are not concerned with how the plaintiff was to prove his case, but the question is

whether he has stated a case. When he alleged that the defendant was negligent in permitting the light fixture to be out of repair he alleged enough, absent a motion to make definite and certain. Whether he could prove it was another question, to be determined on trial; that he did prove either that, or some other negligence alleged, is now conclusively presumed, as counsel for the defendant admit. *Jensen v. Rosumny*, 153 Or. 111, 113, 54 P. (2d) 307; *Scandinavian-American Bank v. Wentworth Lumber Co.*, 101 Or. 151, 157, 199 P. 624. Their present contention contradicts the admission which they are compelled to make, for they argue that the plaintiff could not prove what it is conceded he did prove.

■ This is sufficient to dispose of the case. It may be added, however, that the assumption that the allegation respecting the light fixture is a specific charge of negligence which controls over the general allegation as to the defective condition of the wires and pipe, is unwarranted. If one charges that another negligently operated an automobile and then specifies the particulars of that negligence, as, for example, that he drove on the wrong side of the highway, at a reckless rate of speed, etc., the particular charges will control over the general. *Cosgrove v. Tracey*, 156 Or. 1, 64 P. (2d) 1321. That rule is without application here. The claim is that both the light fixture and the wires and pipes connected therewith were negligently permitted by the defendant to remain out of repair, causing the explosion. No rule that we know of prevents a party from alleging and proving as many different acts of negligence as he can.

The complaint states a cause of action and the judgment is affirmed.