Argued March 13, affirmed March 26, 1952

# NICHOLSON *v.* JONES
242 P. 2d 582

*A. C. Allen* argued the cause for appellant. On the brief were Allen & Roberts, of Portland.

*Carlton R. Reiter* argued the cause for respondent. On the brief were Stern & Reiter, of Portland, and Stanley J. Mitchell, of Oregon City.

Before HAY, Acting Chief Justice, and ROSSMAN, LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LUSK, J.

██ This was an action to recover damages for breach of a contract to sell and deliver logs. Plaintiff, purchaser in the contract, had a verdict and judgment from which the defendant has appealed. There is no bill of exceptions, and we are therefore limited in our consideration of the case to the question of the sufficiency of the pleadings. *St. Clair v. Jelinek,* 187 Or 151, 157, 210 P2d 563, and cases there cited; *Bridges v. Multnomah County,* 92 Or 214, 216, 180 P 505.

The amended complaint on which the case was tried contains three causes of action, but it is only the first cause of action which the defendant has challenged. Omitting formal portions, the first cause of action reads:

"I

"That on or about the 16th day of May the defendant and plaintiff entered into a written agreement wherein and whereby the defendant was to furnish a minimum of 50,000 feet of logs each week commencing June 1, 1949, at and for the agreed price of $19.00 per thousand board feet for all pine logs and $14.00 per thousand board feet for all fir logs delivered by the defendant. A true copy of

said agreement is attached hereto marked Plaintiff's 'Exhibit A,' incorporated by this reference and made a part hereof the same as though set out in detail herein.

## "II

"That said logs were to be delivered for said price at the roll ways of plaintiff's mill located on the defendant's property. That pursuant to said contract, the defendant delivered at the roll ways 343,487 board feet between the dates of June 1, 1949, and December 1, 1949. That during said time, under the terms of the contract, the defendant should have furnished to the plaintiff a minimum of 1,200,000 board feet of logs, and that plaintiff was at all times ready, able and willing to receive and cut the said minimum of 50,000 board feet of logs per week as in said contract provided.

## "III

"That defendant, though often demanded by the plaintiff to furnish the minimum footage required under the contract, failed, refused and neglected so to do.

## "IV

"That plaintiff's profit over and above all expenses for logs so delivered, based upon the net price of the logs actually delivered, was $18.00 per thousand board feet, and as a result of the foregoing breach of contract, plaintiff has been damaged in the sum of $16,065.36."

The prayer asks for damages on the first cause of action in the sum of $15,417.23.

The contract, referred to in the pleading as Exhibit A, recites that the first party (defendant) is the owner of certain described land in Wasco County, Oregon, and of the standing timber thereon, and that the second party (plaintiff), the owner of a mobile lumber mill, desires to install said mill on the real property of the

first party and to purchase from the first party logs to be cut by the first party on the premises theretofore mentioned. It is then provided:

"The first party agrees that he will, not later than June 1, 1949, install said mill on the premises of the first party, and will pay to the first party in the manner hereinafter stated the sum of Nineteen Dollars ($19.00) per thousand for all pine logs and the sum of Fourteen Dollars ($14.00) per thousand for all fir logs delivered to the mill by the first party, such payments to be made on Wednesday of each week and to be based upon the amount of lumber cut by the second party from the logs delivered by the first party and sold during the week immediately preceding. Payments shall be based upon the lumber as scaled at the point of delivery and sale.

"The first party agrees to begin the delivery of logs to the mill of the second party as soon as the same shall be ready for operation and to deliver at least 50,000 feet of logs each week until all the merchantable timber on the premises above mentioned has been cut."

For the purpose of determining the question here presented it is unnecessary to set forth the remaining provisions of the contract.

■ No demurrer or motion was filed to the amended complaint. The first attempt to question its sufficiency was by a motion for a new trial, based upon the ground, among others, that "the plaintiff's complaint, in his first cause of action, fails to state a cause of action against the defendant." This is no different than if the point had been raised for the first time in this court. In that situation "a complaint, however defectively it may phrase a cause, can turn aside the best worded attack. It is vulnerable to a postponed attack only as it wholly fails to state a cause of suit or of action, as the case may be. When the attack is tardy,

everything inferable from the language actually used is deemed pleaded.'' *McDonough v. Southern Or. Mining Co.*, 177 Or 136, 155, 159 P2d 829, 161 P2d 786, 164 ALR 788. In *Booth v. Moody*, 30 Or 222, 225, 46 P 884, the court, speaking through Mr. Justice ROBERT S. BEAN, said that a verdict will cure formal defects in a pleading, and continued:

'' * * * The extent and principle of the rule of aider by verdict is that whenever the complaint contains terms sufficiently general to comprehend a matter so essential and necessary to be proved that, had it not been given in evidence, the jury could not have found the verdict, the want of a statement of such matter in express terms will be cured by the verdict, because evidence of the fact would be the same whether the allegation of the complaint is complete or imperfect. But if a material allegation going to the gist of the action is wholly omitted, it cannot be presumed that any evidence in reference to it was offered or allowed on the trial, and hence the pleading is not aided by the verdict. The rule in such cases, as laid down by Mr. Proffatt in his work on Jury Trials, and which seems to have been adopted by this court in Houghton v. Beck, 9 Or. 325, is that 'a defect in pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required on the trial proof of the facts defectively stated or omitted, without which it is not to be presumed that either the judge would direct the jury to give, or that the jury would have given the verdict': Proffatt on Jury Trials, § 419.''

See, also, *Duby v. Hicks*, 105 Or 27, 34, 209 P 156; *Creecy v. Joy*, 40 Or 28, 32, 66 P 295. The foregoing rules have been so many times announced and are so well known that it would be useless to multiply citations.

■ Defendant complains of three allegedly fatal defects in the first cause of action. The first consists of

a failure to allege a breach of contract. The argument, as we understand it, is that the plaintiff seeks to recover damages because the defendant failed to deliver 50,000 feet of logs per week in accordance with the terms of the contract, but that the defendant's obligation in this regard was limited by the quantity of "merchantable timber upon the premises" and that, therefore, it was necessary for the plaintiff to allege that 50,000 feet of logs per week were available and could have been delivered. The complaint, it is said, contains no such allegation. Assuming that the construction placed upon the contract by the defendant is correct, we think that the allegation in Paragraph II of the first cause of action "That during said time, [i. e., between June 1, 1949, and December 1, 1949] under the terms of the contract, the defendant should have furnished the plaintiff a minimum of 1,200,000 board feet of logs," is sufficient to meet the defendant's objection, coming as it does for the first time in this court and after verdict. It may be properly inferred from this language that 1,200,000 board feet of logs were available for delivery; otherwise the duty to have delivered them, which must be considered to be admitted, could not have existed; and, "while this allegation is perhaps a conclusion of law, it is nevertheless an attempt to state a material fact." *Creecy v. Joy,* supra, 40 Or 33.

The second objection is based upon the alleged failure of the plaintiff to allege that he gave notice to the defendant of the breach within a reasonable time after the plaintiff knew of it. Section 71-149, OCLA, provides:

"In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in dam-

ages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor.''

In *Maxwell Co. v. So. Ore. Gas Corp.,* 158 Or 168, 175, 74 P2d 594, 75 P2d 9, 114 ALR 697, we held that this requirement of notice is imposed as a condition precedent to the right of the vendee to recover for breach of warranty, and that the giving of notice must be pleaded and proved by the party seeking to recover. While the plaintiff has not formally alleged that he gave such a notice, he has alleged the following in Paragraph III of the first cause of action: ''That defendant though often demanded by the plaintiff to furnish the minimum footage required under the contract, failed, refused and neglected so to do.'' The plaintiff could not have made such a demand without notifying the defendant of the breach. The allegation is broad enough to let in evidence of such notice and of the time or times when it was given; and it must be presumed, after verdict and in the absence of a bill of exceptions, that such evidence was received, and that it showed that the notice was given within a reasonable time after knowledge of the breach on the part of the plaintiff. *Booth v. Moody,* supra. The allegation, therefore, is sufficient when the attack is made for the first time in this court.

So far as the objections just considered are concerned, this is not a case of a total absence from the pleading of facts constituting a cause of action; but merely of defective statements of essential facts.

The final point of objection is that the claim of damages is insufficiently alleged for the reason that,

as it is asserted, the damages sought to be recovered are not the necessary result of the breach, but are special damages which must be specially pleaded. This, however, would not even have been a good ground for demurrer had one been filed in the circuit court. The rule in this regard is thus stated in *Sunnyside Land Co. v. Bridge Ry. Co.*, 20 Or 544, 546, 26 P 835:

" * * * The complaint sets out a contract between the parties and avers a breach thereof by defendant. The demurrer admitting the truth of the complaint, the plaintiff is entitled to nominal damages at least, and this is sufficient on demurrer. (1 Suth. Dam. 759.) If the allegations of the complaint, in which plaintiff seeks to lay down the rule by which the damages are to be estimated, are insufficient or irrelevant, the defect cannot be reached by demurrer, so long as the other parts of the complaint contain a sufficient statement. If these damages are sought to be recovered at the trial, defendant may then object to the evidence. An erroneous claim of damages does not make a complaint demurrable."

To the same effect see *Feeney & Bremer Co. v. Stone*, 89 Or 360, 381, 171 P 569, 174 P 152; *Pacific Bridge Co. v. Oregon Hassam Co.*, 67 Or 576, 579, 134 P 1184; *Oregon v. Portland Gen. Elec. Co.*, 52 Or 502, 513, 95 P 722, 98 P 160; 41 Am Jur, Pleading, 356, § 95.

We are of the opinion that, as against the present attack, the amended complaint is sufficient, and the judgment is, therefore, affirmed.