[No. 32324. Department One. November 18, 1954.]

JACK HAMILTON, *Respondent*, v. KIONA-BENTON IRRIGATION DISTRICT *et al., Appellants.*

JOHN SHANNON *et al., Respondents*, v. KIONA-BENTON IRRIGATION DISTRICT *et al., Appellants.*

CHARLES O. MURPHY, *Respondent*, v. KIONA-BENTON IRRIGATION DISTRICT *et al., Appellants.*[1]

[1]Reported in 276 P. (2d) 583.

*White & White, Stephen E. Chaffee,* and *Kenneth C. Hawkins,* for appellants.

*Moulton, Powell, Gess & Loney* and *Sensney & Davis,* for respondents.

OLSON, J.—These cases were consolidated for trial, and for the appeals of defendants from the judgments entered upon the verdicts in each case. They are tort actions for damages claimed by plaintiffs because of the alleged negligent failure of defendants to furnish an adequate supply of water for plaintiffs' land.

The statement of facts has been stricken. *Hamilton v. Kiona-Benton Irr. Dist.,* 44 Wn. (2d) 421, 426, 268 P. (2d) 446 (1954). Consequently, all of the assignments of error directed to matters occurring during the trial, which are dependent upon the statement of facts for consideration, cannot be decided, and a detailed statement of the factual background of the controversy is unnecessary.

The only claim of error that we can consider is that the demurrer to the complaint in each of the cases should not have been overruled. Defendants' argument is that the statute provides that "Any claim against the [irrigation] district shall be presented to the district board for allowance or rejection." Laws of 1937, chapter 216, § 1, p. 1055, Rem. Rev. Stat. (Sup.), § 7453 [worded differently in RCW 87.08.030]. There is no allegation in any of the complaints that the terms of this statute have been met. Defendants assert that this is a fatal defect in plaintiffs' causes. In other words, the pleadings before us do not contain poorly stated or otherwise inadequate allegations of the assertedly essential fact, but that fact is omitted completely.

This issue was not presented to the trial court when the demurrers were argued before the trial. It was submitted to the trial court. Plaintiffs state, in their brief, that it was not raised until after the first witness was called.

In the absence of a statement of facts, we cannot tell the nature of the court's ruling, or whether or not evidence was introduced, either over defendants' objection or without objection, in an attempt to cure the deficiency in the pleadings. Of course, if the evidence had been admitted over defendants' objection, the pleadings would not be considered amended to conform to the proof. See *Ikola v. Snoqualmie Falls Lbr. Co.*, 12 Wn. (2d) 341, 346, 121 P. (2d) 369 (1942).

Upon this state of the record, plaintiffs contend that we must presume (1) that the pleadings were amended to comply with the proof, and (2) that the proof is sufficient to sustain the verdicts, despite the statute providing that the objection that the complaint does not state facts sufficient to constitute a cause of action may be made at any stage of the proceedings, either in the superior or supreme court. RCW 4.32.190 [*cf*. Rem. Rev. Stat., § 263].

▮ This is the rule, if the defect in the pleading is one that can be cured by amendment. *Stewart v. Beghtel*, 38 Wn. (2d) 870, 873, 234 P. (2d) 484 (1951), citing cases, particularly see *State ex rel. Walton v. Superior Court*, 18 Wn. (2d) 810 [pp. 817, 818], 140 P. (2d) 554 (1943). *Hamilton v. Johnson*, 137 Wash. 92, 95 *et seq.*, 241 Pac. 672 (1925), and cases cited. On the other hand, as was stated in the early case of *Coats v. West Coast Fire & Marine Ins. Co.*, 4 Wash. 375, 378, 30 Pac. 404, 850 (1892):

"Defects in a complaint may be of such a nature that no presumption that can be indulged in will make it good. In such a case this court must give force to the provisions of the statute above referred to [providing that the sufficiency of the complaint may be questioned for the first time in this court], and hold it bad, even although its sufficiency was not at all challenged in the lower court."

▮ When a material allegation going to the gist of the action is wholly omitted, it cannot be presumed that any evidence regarding it was offered or admitted at the trial. There is nothing upon which such a presumption can rest. In such a case, the pleading is not aided by the verdict. See *Nicholson v. Jones*, 194 Ore. 406, 411, 242 P. (2d) 582, 584

(1952), and cases and authority cited, and 1 Bancroft's Code Pleading, Practice and Remedies (Ten-year Supp.), 426, § 742.

■ Therefore, we find it necessary to determine whether or not the defects in the complaints in the cases at bar are of this latter nature. We have concluded that they are. The quoted statute contains the words, "any claim." It must be said to include a claim against the irrigation district on an asserted tort liability. The statute is mandatory, and the board cannot waive substantial compliance with it. If a claim must be presented to the board, it must be done before an action is commenced. Otherwise, the requirement is futile. So it must be a condition precedent to an action against the district. It follows that the fact of the filing of a claim must be alleged and proved. (See for analogy decisions regarding the requirement that claims be filed in actions against counties and cities, and that substantial compliance with pertinent statutes cannot be waived, *Caron v. Grays Harbor County*, 18 Wn. (2d) 397, 405 *et seq.*, 139 P. (2d) 626, 148 A. L. R. 626 (1943), and cases cited, *Forseth v. Tacoma*, 27 Wn. (2d) 284, 291, 295 *et seq.*, 178 P. (2d) 357 (1947).)

We believe the statute expresses a salutary rule of public policy. Some of the reasons supporting it are that, unless a claim is presented to the district board, it has no opportunity to investigate it or reach a conclusion upon its merit or, in fact, to pay the claim if the board should decide that it is meritorious. The orderly conduct of the business of the board, the disposition of claims against the district, and the sequence of steps provided by the remainder of the quoted statute, cannot be completed unless a claim is presented. The district should not be required to face litigation upon all claims asserted against it, before knowing their exact nature, any more than all persons having claims against the district should be required to enforce them by legal proceedings. These consequences can be avoided, if the words of the statute are given their plain meaning and are enforced.

Counsel for defendants strenuously argue that we can conclude as a fact that no claims were ever filed with the district board, because they have so stated in their briefs and during oral argument in this court, and plaintiffs' counsel have not denied those statements. In view of our disposition of the cases, it is unnecessary for us to decide whether or not plaintiffs' counsel are bound to reply in any manner to these assertions, or the consequences or conclusions, if any, flowing from their remaining silent in the face of them.

The judgments are reversed.

GRADY, C. J., MALLERY, HAMLEY, and FINLEY, JJ., concur.

---

December 31, 1954. Petition for rehearing denied.

