Argued October 16, affirmed November 5, petition for
rehearing denied December 31, 1958

## CARTER *v.* KELLEY

330 P. 2d 1057

332 P. 2d 597

B. G. Skulason, Portland, filed a brief for appellant.

*Carlton R. Reiter* argued the cause for respondent.
On the brief were Stern, Reiter & Day, Portland.

Before Lusk, Presiding, and Warner, Sloan and
O'Connell, Justices.

PER CURIAM.

This is an action for money had and received. Plain-
tiff was awarded judgment upon a verdict in his favor

and defendant appeals. The only assignment challenges the sufficiency of the complaint. This issue was raised for the first time by this appeal.

■■ The plaintiff employed the use of the common count to allege his cause of action. The cause of action arose out of a written contract between the parties, a copy of which was attached to and made a part of the complaint. The defendant does not contend that plaintiff could not plead his case by use of the common count. Such a pleading is now well established in this state. *Hogan v. Aluminum Lock Shingle Corp.*, 214 Or 218, 329 P2d 271. Defendant does contend that the recitation of the contract, as a part of the complaint, conclusively revealed that defendant did not hold money for the use and benefit of plaintiff; that for this reason no cause of action was stated. We do not agree with this contention. The complaint contained allegations which, if taken to be true, entitled plaintiff to the verdict awarded by the jury.

The judgment is affirmed.

On Appellant's Petition for Rehearing

*William E. Dougherty,* Portland, for the petition.

Before Lusk, Presiding Justice, and Warner, Sloan and O'Connell, Justices.

LUSK, J.

The defendant contends in a petition for rehearing that our holding that the complaint in this case states a cause of action for money had and received is in conflict with the rule that an action in assumpsit can not be founded upon the breach of an executory contract. See *Wagner v. Savage,* 195 Or 128, 145, 244 P2d 161; *Halvorson v. Blue Mountain Prune Growers Cooperative,* 188 Or 661, 675, 214 P2d 986, 217 P2d

254; *Sharp v. McCargar*, 114 Or 435, 441-442, 236 P 262; 4 Am Jur 498, Assumpsit § 7. This is the first time that this contention has been urged.

We do not think that the complaint attempts to charge breach of an executory contract nor did we so state in our former opinion. We said that "The cause of action arose out of a written contract between the parties," which is a different thing. The complaint alleged the following facts: The plaintiff and defendant, on June 26, 1952, entered into a contract in writing for the sale by the defendant to the plaintiff of the property and assets of an insurance agency. A copy of the contract was attached to the complaint. Pursuant to said contract, plaintiff took possession of the property on July 1, 1952. Paragraph II reads:

> "That in the course of his said business defendant acted as the agent for diverse [sic] insurance company [sic] for the sale of insurance policies and in the course of his said business defendant received premium payments for policies sold by him, and defendant was obligated to pay over to the said diverse [sic] insurance companies the said premiums on all policies sold by him, less commissions due the said defendant on the sale of said policies."

Paragraph V reads:

> "That on or about and between the 1st day of July, 1952, and, to-wit: the 31st day of October, 1952, defendant became indebted to the plaintiff in the sum of Six thousand three hundred fifty-two and 56/100 ($6,352.56) Dollars for money had and received by the defendant to and for the use of the plaintiff, in that between the aforesaid dates, defendant had and received the use and benefit of plaintiff's money and used the same for the payment of the following personal accounts and obligations of defendant: * * *."

There follow two items of withholding taxes paid by the defendant, one to the Oregon State Tax Commission, the other to the United States Collector of Internal Revenue, and numerous other items described as "premium obligations incurred by defendant prior to 6-26-52." The total of all these items is $6,383.91, which, less a credit to which the complaint alleges the defendant was entitled, represents the amount sued for, to-wit, $4,883.90.

The contract called for a cash payment of $5,000 and ten annual payments of $1,000 each. It reserved title in the defendant until full payment of the balance. It contained stipulations that the plaintiff would at all times "maintain a balance in cash in the firm checking account to pay when due all premiums payable to the several Insurance Companies upon all policies for which premiums had been collected," and "promptly pay when due all taxes that may be levied and/or assessed against same," (meaning apparently the property which was the subject of the sale). The plaintiff further agreed not to "allow the accounts payable to become delinquent."

The original contention of the defandant in this court, as disclosed by his brief, was that these provisions of the contract showed that "the obligations paid by the defendant were those of the plaintiff and the plaintiff suffered no damage." Otherwise stated, the defendant urged that the terms of the contract conclusively established the untruth of the allegation that the defendant "had and received the use and benefit of plaintiff's money and used the same for payment" of the designated personal accounts and obligations of defendant.

■ It must be borne in mind that the complaint is attacked for the first time in this court. A pleading

is vulnerable to such a belated challenge only as it wholly fails to state a cause of action. *Nicholson v. Jones,* 194 Or 406, 410-411, 242 P2d 582; *McDonough v. Southern Oregon Mining Co.,* 177 Or 136, 155, 159 P2d 829, 161 P2d 786, 164 ALR 788; and the court in such circumstances applies a liberal rule of construction in favor of the pleader. 41 Am Jur 336, Pleadings § 68; *Cooper v. Hillsboro Garden Tracts,* 78 Or 74, 83, 152 P 488, and cases there cited; *Steele v. Hemmers,* 149 Or 381, 387, 40 P2d 1022.

■ Now, the complaint does not allege a breach of the contract in question. It alleges, in effect, that the defendant paid certain tax obligations of his own and certain premium obligations of his own with money that belonged to the plaintiff. But whether it was intended to charge that these obligations became such by virtue of the terms of the contract is at best a matter of inference, and certainly not a necessary one, nor one that can be drawn without resolving doubts against the pleader instead of in his favor. This is true, also, of the sources of the money so alleged to have been misappropriated. For all that appears, the contract is pleaded purely by way of inducement as the setting of the wrongful acts charged, rather than as controlling the rights and obligations of the parties. And since the testimony has not been brought to this court, it is conclusively presumed that the proof sustained a cause of action for money had and received and not a cause of action based on an executory contract. *Nicholson v. Jones,* supra; *Booth v. Moody,* 30 Or 222-225, 46 P 884.

The petition for rehearing is denied.